Robert F. URBANO, Appellant,

v.

Guy W. CALISSI, Prosecutor of Bergen County, New Jersey, Martin J. Ferber, Sheriff of Bergen County (Jail), New Jersey, Carl W. Jockish, Chief of Police, Paramus, New Jersey, John P. Nicolas, Captain of Police, Paramus, New Jersey, and Their Agents.

No. 16655.

United States Court of Appeals Third Circuit.

Submitted on Briefs Sept. 25, 1967.

Decided Oct. 31, 1967.

Rehearing Denied Dec. 6, 1967.

Robert F. Urbano, pro se.

Gary S. Stein, Paramus, N. J., for appellees Carl W. Jockish and John P. Nicolas.

Donald R. Sorkow, Asst. County Counsel, Hackensack, N. J. (Frank J. Cuccio, County Counsel, Hackensack, N. J., on the brief), for defendant-appellee, Martin J. Ferber, Sheriff of Bergen County.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

**PER CURIAM.**

Appellant in this civil rights action was arrested on January 15, 1960 at the scene of an attempted holdup in Paramus, Bergen County, New Jersey. During that crime an innocent victim was shot and killed. Appellant thereafter was indicted for murder and as he states in his brief " * * * is now incarcerated in the New Jersey State Prison at Trenton on plea of non vult to homicide and sentenced to life imprisonment."

In the course of the investigation concerning him by Bergen County officials appellant herein alleges they took some of his personal property consisting mainly of clothing and the like and that they have not accounted for all of it. In his complaint he states "Plaintiff is amnesic approximately from May of 1950 through the first part of November 1960 and is consequently unable to recollect some of the events herein referred to." Appellant has a copy of his complaint attached to his brief. In that he has a note which seems to indicate that the above year "1950" should read "1959". Either way the entire above referred to crime period is included. The defendants, after being served with the complaint, filed an answer stating that all items obtained by them in connection with the crime committed by plaintiff have been returned to him, etc. As a separate defense they said "The Complaint fails to state a cause of action."

In accordance with our prior opinion in the matter, 3 Cir., 353 F.2d 196, the defendants moved to dismiss the complaint on the ground set out in their answer. Following our said opinion, the district court afforded the parties full opportunity to present their views, particularly with reference to the plenary question then involved as to whether the complaint alleged a valid cause of action under the Civil Rights Act. Both sides filed briefs. Plaintiff relied on his brief. No reason whatsoever appears that he could not have had private counsel for oral argument if he so desired. It might be noted that his brother, a lawyer, on the record had knowledge of appellant's personal property contention. It should also be noted that appellant could have applied for assigned counsel had he wished. There was oral argument on behalf of defendants.

Thereafter the trial judge filed an opinion in which he held that " * * * the Complaint filed herein does not allege deprivation of such a right as is protected by the Constitution of the United States and that, as a matter of law, the Complaint fails to set forth a cause of action upon which relief can be granted * *." The complaint was thereupon dismissed.

Our own close study of the entire record in this case clearly brings us to the same conclusion as the district court. It is that conscientious review that reveals the utter lack of merit of this claim as an action by virtue of the Federal Civil Rights Act. Plaintiff, without warrant, is deliberately seeking to avoid his obvious State remedy. His complaint is simply a vague assertion that the defendants appropriated some of his personal property to their own use. He sets out in essence a simple common law offense for which complete relief is readily available under New Jersey law. There is not the slightest indication of a Federal Consti-

tution violation in appellant's statements. A most experienced district judge has been over this cause twice, the last occasion a full dress review on our order, and has so held. Quite aside from that, as above stated, we ourselves on an extensive independent examination of appellant's theory find it lacks any substantiality as a Federal Civil Rights action.

The judgment of the district court will be affirmed.