John BOWMAN, Petitioner,

v.

N. L. HALE, Warden, Respondent.

Civ. No. 5520–69–P.

United States District Court
S. D. Alabama, S. D.

July 11, 1969.

John Bowman, pro se.

MacDonald Gallion, Atty. Gen., State of Alabama, Montgomery, Ala., for respondent.

PITTMAN, District Judge.

### ORDER ON PETITION FOR LAW SUIT

On May 28, 1969, petitioner, a prisoner at Atmore Prison, Atmore, Alabama, filed a petition for a $500,000 law suit alleging, generally, cruel and unusual punishment and criminal negligence. The court will construe this as a petition for a civil action under Title 42, U.S.C., Section 1983.

More specifically, petitioner alleges the following as grounds for the suit:

(1) Denial of medical treatment,

(2) Negligent destruction of petitioner's personal property,

(3) Being placed in the "dog house",

(4) Lack of adequate bedding,

(5) Unsanitary conditions of the prison cells,

(6) Failure of prison authorities to provide T.V., newspapers, etc.,

(7) Allowance of only $3.00 a week to the petitioner to buy soap, candy, cigars, etc.,

(8) A general allegation that petitioner's life "is in constant danger."

As to petitioner's first ground, it has been held that this allegation does not allege deprivation of such rights as are cognizable under Title 42, U.S.C., Section 1983. Com. of Pa. ex rel. Gatewood v. Hendrick, Superintendent, 368 F.2d 179, cert. denied, 386 U.S. 925, 87 S.Ct. 899, 17 L.Ed.2d 797 (3rd Cir., 1966).

Petitioner's second ground, dealing with negligent destruction of his personal property sets out a simple common law offense for which complete relief is readily available under State law. Urbano v. Calissi, 384 F.2d 909 (3rd Cir., 1967).

Grounds 3 through 7 inclusive deal with matters of prison administration, and it is well settled that absent exceptional circumstances, the federal courts will not inquire into such matters. U. S. ex rel. Ragen v. Knight, 337 F.2d 425, cert. denied, 14 L.Ed.2d 277 (7th Cir., 1964). However, the court wants the record to reflect that many complaints similar to those in grounds 3 through 7 were the subject of an agreement worked out between Atmore Prison authorities and complaining inmates, in the nature of a consent judgment, in the case of Willie Beard v. Lee, in Civil Action No. 4345, of which a copy is appended.

As to petitioner's eighth ground, which is a general allegation that his life "is in constant danger," the petitioner does allege specific facts to sup-

port his allegation. Assuming petitioner is complaining of an assault, or an assault and battery, a tort committed by a State official, acting under color of law is not, in and of itself, sufficient to show an invasion of a person's rights under the Civil Rights Act (42 U.S.C. § 1983).

Kent v. Prasse, 385 F.2d 406 (3rd Cir., 1967).

Therefore, it is ordered, adjudged, and decreed that the petition for a $500,000 law suit is, and the same is, hereby denied.

## APPENDIX

### IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF ALABAMA SOUTHERN DIVISION

WILLIE BEARD,
                              Petitioner,

V.

A. F. LEE, Commissioner of the Board of Corrections, State of Alabama, N. L. HALE, Warden, Atmore Prison, and BOARD OF CORRECTIONS, State of Alabama,
                              Respondents.

CIVIL ACTION
No. 4345–66

### ORDER AND DECREE

The petitioner, Willie Beard, filed a petition in this court for relief under the Civil Rights Statutes, Title 42, Sections 1981, etc., U.S.C. He requested to be allowed to proceed *in forma pauperis*, the request was granted, and John W. Coleman, attorney at law, Mobile, Alabama, was appointed November 9, 1968, to represent him.

A pretrial was had with the petitioner, his attorney, and attorneys for the defendants all present on November 25, 1968. All averments of racial discrimination were stricken. Petitioner was granted leave to file an amended petition, which was done on December 3, 1968, and *sought relief for himself and other inmates* at the Alabama State Prison, Atmore, Alabama, averring conditions principally connected with solitary confinement and alleging cruel and unusual punishment in violation to Amendment 8 of the Constitution of the United States.

The defendants filed an answer, in effect the (1) general denial, (2) the com-

plaints are purely matters of prison discipline and not for the courts, and (3) that the allegations do not constitute cruel and unusual punishment.

On the 23rd day of January 1969, the petitioner, his attorney of record, the defendants, and their attorneys of record, together with witnesses subpoenaed, were present and ready for a hearing before the court.

The petitioner and his attorney of record, together with the defendants and their attorneys of record, entered into an agreement for a consent judgment enjoining the defendant from failing to do the things set out in Appendix A of this decree, which is incorporated and made an integral part of this decree.

It is therefore ordered, adjudged and decreed that by consent of the parties the defendants are enjoined from failing to meet the conditions as set out in the court's Exhibit No. 1, Appendix A.

It was acknowledged in open court that "punitive isolation" refers to solitary confinement and that "holding unit" in paragraph 6 refers to plaintiff's con-

tention in paragraph 3(a) of this court's pretrial order dated November 25, 1968.

Done this the 24 day of January 1969.

VIRGIL PITTMAN
UNITED STATES
DISTRICT JUDGE

EXHIBIT 1, APPENDIX A

Petitioner and Respondents agree to the following conditions:

1. The inmates in punitive isolation be allowed to wash their hands at mid-morning and prior to eating their meal.

2. The inmates in punitive isolation be furnished adequate toilet paper.

3. Drinking water will be furnished a minimum of three times a day.

4. Inmates in punitive isolation will be furnished shirt and pants or a set of coveralls and cloth slides.

5. The meal will be fed on paper plates with plastic spoons to eat with.

6. The number of persons in each cell will be limited to eight except under extraordinary circumstances. This section applies to both punitive isolation and the Holding Unit.

7. That medical attention will be available whenever needed by an inmate and the doctor will visit the unit at least once every three days.

8. All inmates confined in punitive isolation will be fed one full meal per day except under extraordinary circumstances.

9. Each inmate will be given one blanket.

10. The lights will be left on a minimum of eight hours per day and a maximum of sixteen hours per day.

11. The punitive isolation cells will be adequately ventilated, appropriately heated and maintained in a sanitary condition at all times.

12. All toilets in punitive isolation will be flushed a minimum of three times a day.

All of the above conditions agreed upon are subject to extraordinary circumstances created by the inmates in punitive isolation.

This agreement consisting of pages 1 and 2 is agreed upon and accepted by all parties.

WILLIE BEARD

John Coleman, Attorney for Petitioner

David W. Clark

David W. Clark, Attorney for Respondents

1–23–69