**Frank HOWARD, Plaintiff,**

v.

**Harold R. SWENSON, Warden, Missouri State Penitentiary, Jefferson City, Missouri, et al., Defendants.**

**Civ. A. No. 1473.**

United States District Court, W. D. Missouri, C. D.

*Dec. 8, 1969.*

**884**

Frank Howard, pro se.

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND JUDGMENT OF DISMISSAL

BECKER, Chief Judge.

In his complaint herein under the Federal Civil Rights Act, plaintiff, a state convict confined in the Missouri State Penitentiary, stated that defendants, after erroneously accusing plaintiff of having taken a pair of "black low-cut civilian shoes" which were not plaintiff's, confiscated the shoes and gave them to the Salvation Army, when, as plaintiff alleged, the shoes were properly his and properly in his possession.

Defendants now move to dismiss the claim for failure to state a claim under the Federal Civil Rights Act. Defendants state that plaintiff's shoes were taken from him in accordance with a uniformly enforced and reasonable prison regulation denying certain commissary goods to prisoners in the Missouri State Penitentiary. In support of this contention, defendants cite the case of Urbano v. Calissi (C.A.3) 384 F.2d 909, cert. denied 391 U.S. 925, 88 S.Ct. 1824, 20 L.Ed.2d 664, in which it was held that a plaintiff in a Civil Rights case did not allege the denial of a federally protected right when he stated that county officials arresting him took some of his personal property and did not return it to him. In particular, the following language of that case supports the defendants' position:

"Plaintiff, without warrant, is deliberately seeking to avoid his obvious State remedy. His complaint is simply a vague assertion that the defendants appropriated some of his personal property to their own use. He sets out in essence a simple common law offense for which complete relief is readily available under New Jersey Law. There is not the slightest indication of a Federal Constitution violation in appellant's statements." 384 F.2d at 910–911.

Without more, however, that case would not have required the dismissal of the present complaint, for in the *Urbano* case a remand had been previously ordered by the appellate court to permit plaintiff an opportunity to be heard on the legal questions involved, and it was only after a hearing that it was determined that no federal question was involved. In this case, however, the plaintiff has opposed the motion to dismiss with an affidavit in which he states that the shoes are still in the possession of the defendants, apparently for safekeeping, and thus have not been given to the Salvation Army, and that the relief desired is immediate, rather than later, return so that the shoes will not be "misplaced, lossed (sic) or destroyed by the defendants." He further makes it clear that the legal question involved in this cause is one of state law by stating that the issue which he raises is that the "shoes was (sic) seized illegaley (sic) by the Defendants herein, and that the same was (sic) not seized under any process, execution, or attachment as required by Sec. 533.010 RSMo 1959, (Subparagraph 4)." It thus appears from the pleadings that the seizure of the shoes violated no federally protected constitutional right, even if its was accomplished under a legally questionable regulation. The seizure did not constitute cruel and unusual punishment under the facts alleged and the most favorable inferences to plaintiff therefrom.

It is therefore

Ordered and adjudged that this cause be, and it is hereby, dismissed for failure to state a claim under the Federal Civil Rights Act.