426 F.2d 277
 Frank HOWARD, Appellant,
v.
Harold R. SWENSON, Warden, Donald Wyrick, Associate Warden, George G. Golden, Guard, Missouri State Penitentiary, Jefferson City, Missouri, Appellees.
 No. 20136.
 United States Court of Appeals, Eighth Circuit.
 May 8, 1970.
 
 Frank Howard, pro se.
 John C. Danforth, Atty. Gen. of Missouri, Jefferson City, Mo., and Gene E. Voigts, First Asst. Atty. Gen., on brief, for appellees.
 Before MATTHES, LAY and HEANEY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant, a Missouri state prisoner, is attempting to make a federal case over "several pairs of black low-cut civilian shoes." He filed a complaint in the United States District Court for the Western District of Missouri against Harold R. Swenson, Warden of the penitentiary where he is confined, Donald Wyrick, Associate Warden, and George G. Golden, Guard, alleging that pursuant to a conspiracy, they had confiscated the shoes and had given them to the Salvation Army. Appellant prayed that each defendant be required to pay him $250,000, and return the shoes to him.
 
 
 2
 The district court, holding that appellant's complaint failed to allege a claim for relief under the Civil Rights Act, and that the seizure of the shoes violated no federally protected constitutional right, granted appellee's motion to dismiss, and dismissed the action.
 
 
 3
 Careful examination of appellant's complaint convinces us that it utterly fails to state a federal claim for relief. It is settled law that except in extreme cases, courts may not interfere with the conduct of a prison, with prison regulations and with disciplinary action by prison authorities. Douglas v. Sigler, 386 F.2d 684, 688 (8th Cir. 1967). See also Urbano v. Calissi, 384 F.2d 909 (3d Cir. 1967); Kimble v. State of Michigan Correction Department, 300 F.Supp. 1122 (E.D.Michigan, S.D.1968), aff'd sub nom., Kimble v. Department of Corrections, State of Michigan, 411 F.2d 990 (6th Cir. 1969); Bowman v. Hale, 302 F.Supp. 1306 (S.D.Alabama, S.D.1969). At best appellant's complaint resulted from enforcement of a prison regulation.
 
 
 4
 Finding absolutely no merit in appellant's case, we dismiss the appeal as legally frivolous.