**Wallace C. BISHOP, Plaintiff,**

**v.**

**J. D. COX, Superintendent, Virginia State Penitentiary, O. L. Brown, Director, Department of Welfare and Institutions, and W. P. Edwards, Director, Division of Correctional Field Units, Defendants.**

**Civ. A. No. 70–C–32–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Nov. 25, 1970.

William P. Robinson, Asst. Atty. Gen., Richmond, Va., for defendants.

### OPINION and JUDGMENT

DALTON, Chief Judge.

Wallace C. Bishop is incarcerated at a Virginia State road camp. He has filed a "petition for Redress" in which he alleges that the institutional physicians have denied him medicine for his nervous condition. It is further alleged that he had been taking this medicine for some time before incarceration and that its deprivation amounts to cruel and unusual punishment. Since Bishop complains of the treatment being received in prison instead of the validity of the underlying conviction, the petition is accepted as an action for injunctive relief under 42 U.S.C. § 1983.

The defendants have moved for summary judgment. A report of a psychological examination conducted to determine competency to stand trial and an affidavit of the Associate Medical Direc-

tor of the Division of Corrections have been submitted with the motion. The psychological report discusses the plaintiff's complaints of nervousness and severe headaches but apparently expresses some doubt as to the necessity of any medicine. The Associate Medical Director states that a routine medical examination failed to disclose any evidence that the prisoner was unfit for normal work duties and that in his judgment the prisoner was not in need of any medication at the time of his examination.

There have been a number of recent cases dealing with allegations by prisoners that they have not received proper medical attention. Unless allegations of terrible or shocking neglect were made, however, the courts have been unwilling to interject themselves into this area of prisoner administration. The Court of Appeals for the Third Circuit has held that a claim of improper medical care is legally insufficient to establish a denial of rights secured under the Federal Constitution or laws. Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (3d Cir.), cert. denied, 396 U.S. 935, 90 S.Ct. 278, 24 L. Ed.2d 234 (1969). *Accord,* Bowman v. Hale, 302 F.Supp. 1306 (S.D.Ala.1969). Mere negligence in giving or failing to supply medical treatment does not raise a section 1983 action. Church v. Hegstron, 416 F.2d 449 (2d Cir. 1969). "Allegations of improper or insufficient medical treatment do not state a [C]onstitutional claim." Hopkins v. County of Cook, 305 F.Supp. 1011, 1012, (N.D. Ill.1969).

It appears that the plaintiff has been the subject of both psychological and physical examinations. The Associate Director of the Division of Corrections swears that in his judgment reached after a medical examination the plaintiff is not in need of medication. Even if the institutional physicians are negligent or mistaken in their diagnoses, such error does not raise a Constitutional issue in the absence of any evidence of abuse, mistreatment, or denial of medical attention.

In consideration of the foregoing, summary judgment is granted in favor of the defendants.

If the plaintiff wishes to appeal this judgment or any part thereof, he should file within 30 days a notice of appeal with the clerk of *this* court. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1) the judgment, order or part thereof appealed from;

2) the party or parties taking the appeal; and

3) the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.