**UNITED STATES of America,**
**Appellee,**

v.

**Frank E. DENNISON, Appellant.**

**No. 20482.**

United States Court of Appeals,
Eighth Circuit.

Feb. 5, 1971.

**440**

Frank E. Dennison, pro se.

Bert C. Hurn, U. S. Atty., and William A. Kitchen, Asst. U. S. Atty., Kansas City, Mo., on brief for appellee.

Before MATTHES, Chief Judge, Justice CLARK,* and BRIGHT, Circuit Judge.

PER CURIAM.

Appellant pled guilty to the charge of interstate transportation of forged securities in violation of 18 U.S.C. § 2314. He was sentenced on April 3, 1970 by the United States District Court for the Western District of Missouri to a term of five years imprisonment with parole eligibility under 18 U.S.C. § 4208(a) (2). This sentence was ordered to be served concurrently with another five year term previously imposed upon appellant by the district court on February 9, 1970. On July 20, 1970, within the time allowed by Rule 35, Fed.R.Crim.P., appellant filed a motion to reduce his sentence, which the district court denied by order entered July 21, 1970. The district court then granted appellant leave to proceed on appeal in forma pauperis.

Appellant has filed no brief in our court, but has merely resubmitted the same motion to reduce sentence which was presented to the district court. A Rule 35 motion to reduce a sentence is addressed to the sound discretion of the trial court. Jacobsen v. United States, 260 F.2d 122 (8th Cir. 1958); United States v. Garrick, 399 F. 2d 685 (4th Cir. 1968). An appellate court has no authority to reduce or modify a sentence which was legally imposed and which is within the statutory limit.

Heath v. United States, 375 F.2d 521, 523 (8th Cir. 1967); Zaffarano v. Blackwell, 383 F.2d 719 (5th Cir. 1967); McCartney v. United States, 382 F.2d 116, 118 (9th Cir. 1967). The five year term of imprisonment to which appellant was sentenced is well within the allowable maximum, as the court could have imposed a sentence of ten years for violation of 18 U.S.C. § 2314.

Therefore, on this record we are compelled to hold that the motion for reduction of sentence was properly denied. The frivolity of this appeal impels us to observe, as a caveat to the district courts in this Circuit, that where a prisoner's post conviction application for relief, including but not limited to collateral attacks upon the judgment and sentence, are demonstrably devoid of substance so that an appeal would be futile, the district courts should exercise restraint in permitting the petitioner to pursue his complaints to a reviewing court.

The appeal, being legally frivolous, is dismissed.

---

* The Honorable Tom C. Clark, Retired Associate Justice of the United States Supreme Court, sitting by special designation.