**Douglas L. RHODES, Appellant,**

v.

**Maurice H. SIGLER, etc., et al.,**
**Appellees.**

**No. 71–1199.**

United States Court of Appeals,
Eighth Circuit.

Sept. 30, 1971.

Douglas L. Rhodes, pro se.

Clarence A. H. Meyer, Atty. Gen. of Neb., and Harold Mosher, Asst. Atty. Gen., Lincoln, Neb., on brief for appellees.

Before MATTHES, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

MATTHES, Chief Judge.

In an attempt to resolve a controversy between appellant, a Nebraska state prisoner, and the Nebraska Penal and Correctional Complex over $2.46, appellant filed a complaint in the United States District Court for the District of Nebraska. He alleged jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343(3).

The district court dismissed the complaint with prejudice on the authority of Sigler v. Lowrie, 404 F.2d 659 (8th Cir. 1968). However, the court granted a certificate of probable cause and the matter is here for determination.

Manifestly, the question whether appellant was indebted to the prison complex in the amount of $2.46 is one to be resolved by the prison authorities through appropriate procedures. Certainly, the complaint fails to allege the violation of a federally protected right. It is settled doctrine that except in extreme cases, the courts should not interfere with the internal operations of a prison and with enforcement of reasonable prison rules and regulations. See in addition to Sigler v. Lowrie, supra, Burns v. Swenson, 430 F.2d 771 (8th Cir. 1970); Howard v. Swenson, 426 F.2d 277 (8th Cir. 1970). Compare Sawyer v. Sigler, Warden and Becker v. Sigler, Warden, 445 F.2d 818 (8th Cir. 1971).

Respectable authority also teaches that 42 U.S.C. § 1983, the civil rights statute, does not embrace as a civil right the deprivation of a mere property right. Kimble v. Department of Corrections, 411 F.2d 990 (6th Cir. 1969); Urbano v. Calissi, 384 F.2d 909 (3rd Cir. 1967); Howard v. Higgins, 379 F.2d 227 (10th Cir. 1967).

By way of addendum, we take occasion to observe that federal courts stand ready to adjudicate any controversy within their jurisdiction having its roots in the deprivation of a federally protected right. Where, as here, however, it plainly appears from the complaint that the prisoner's claim does not emanate from a violation of a constitutional or other federally protected privilege, the time of the federal courts who are burdened with cases presenting meritorious problems, should not be encroached upon in an attempt to secure an adjudication of matters which best can and should be disposed of through administrative prison procedures.

Furthermore, we observe as we did in United States v. Dennison, 437 F.2d 439 (8th Cir. 1971), that where a prisoner's application for relief is demonstratively devoid of substance so that an appeal would be futile, the district court should exercise restraint in permitting the petitioner to pursue his grievances in the court of appeals. The appeal is dismissed as legally frivolous.