**Joseph F. FEARON, Petitioner,**

v.

**COMMONWEALTH OF VIRGINIA et al.,
Respondents.**

**Civ. A. No. 74–C–57–H.**

United States District Court,
W. D. Virginia,
Harrisonburg Division.

Sept. 11, 1974.

Stuart Bateman, Asst. Atty. Gen., Richmond, Va., for respondents.

OPINION AND JUDGMENT

DALTON, District Judge.

The court has before it a complaint by Joseph F. Fearon, an inmate at Correctional Unit No. 7, White Post, Virginia. Joseph F. Fearon prays for injunctive relief and compensatory damages pursuant to 42 U.S.C. § 1983. Jurisdiction is

conferred upon this court by 28 U.S.C. § 1343(3) and (4).

Petitioner is suing Mr. Jack Davis, Director of the Department of Corrections, Dr. William Wingfield, Medical Director of the Department of Corrections, and Dr. David Pollack, Assistant Medical Director for the Department of Corrections. The complaint alleges that petitioner was injured during an altercation among inmates which was not stopped by three correctional officers who observed the altercation. As a result of the fighting, petitioner subsequently went to the Penitentiary Hospital and was treated by Dr. David Pollack who examined the wound and ordered his aid to sew up the arm. Petitioner alleges that was inadequate and has resulted in his losing partial use of his left hand.

Respondents have filed affidavits by Boyce T. George, a correctional officer who witnessed the altercation, Dr. David Pollack, and Dr. John F. Kendrick, who treated petitioner subsequently to Dr. Pollack. Respondents have also moved for summary judgment. Petitioner, although given ample time to respond to the affidavits has failed to do so.

Suits under 42 U.S.C. § 1983 are not intended to redress instances of common law negligence and there is no right to recovery from the unintentional invasion of the private right of the prisoner to be protected from physical harm. Penn v. Oliver, 351 F.Supp. 1292 (E.D. Va.1972). An isolated act or omission by a prison official that allows an attack to occur and which involves only simple negligence does not, absent special circumstances, create a constitutional deprivation over which this court has jurisdiction.

As to the medical treatment received by petitioner, both affidavits by Dr. David Pollack and Dr. John F. Kendrick indicate that adequate medical treatment was provided petitioner, although not ultimately successful. However, the lack of success of medical treatment does not raise a constitutional claim. Even if institutional physicians are negligent or mistaken in their diagnosis, such error does not raise a constitutional issue in the absence of abuse, mistreatment, or denial of medical attention. Bishop v. Cox, 320 F.Supp. 1031 (W.D.Va.1970).

The law is clear on the issues raised by petitioner and mere negligence, without more, by prison guards and physicians does not support a claim under 42 U.S.C. § 1983. Since petitioner has only alleged facts that show possible negligence on the part of the prison guards and physicians, the complaint does not state a claim of constitutional dimension and the court grants respondent's motion for summary judgment and accordingly dismisses petitioner's complaint. It is so ordered.

The clerk is directed to send a certified copy of this opinion and judgment to the petitioner and to counsel for respondents.