Inez B. GOODE, Administrator of the Estate of John C. Evans, Deceased,

v.

Harry B. HARTMAN, City Sergeant, Petersburg, Virginia.

Civ. A. No. 74-0302-R.

United States District Court, E. D. Virginia, Richmond Division.

Feb. 3, 1975.

Lawrence Douglas Wilder, Richmond, Va., for plaintiff.

James F. D'Alton, Jr., Petersburg, Va., for defendant.

## MEMORANDUM

WARRINER, District Judge.

This action is brought under 42 U.S.C. § 1983 by Inez B. Goode in her capacity as administrator of the estate of John C. Evans, deceased, seeking damages allegedly resulting from certain acts and omissions of defendant Harry B. Hartman, Sheriff of the City of Petersburg, Virginia. Jursidiction is alleged pursuant to 28 U.S.C. § 1343.

Defendant Hartman denies that this Court has jurisdiction to hear and decide this case, in that 42 U.S.C. § 1983 is not applicable to the factual allegations pleaded by plaintiff.

Plaintiff alleges that the decedent was a prisoner of defendant; that the decedent fainted while in court as a prisoner; that defendant thereupon caused him to be taken to a local hospital where he was treated, and that he was then returned to defendant's jail where he died within a short while. Plaintiff alleges that the proximate cause of the deceased's death was the negligence and carelessness of defendant Hartman in failing to provide him with proper medical care during his incarceration.

In the first place the complaint specifically sets forth that defendant took plaintiff's decedent to the emergency room of the local hospital upon the happening of the fainting incident and that medical care was rendered to him at that time—including medication and intravenous injections. There is no allegation that defendant then required plaintiff's decedent to leave the hospital contrary to medical advice. Plaintiff merely alleges that after treatment at the hospital, decedent "was taken back to the City Jail. . . ."

Hence, there is no factual allegation of a denial of medical care, and there certainly could be no claim that the de-

fendant himself negligently rendered such care. He was the City Sheriff—not the attending physician. Nevertheless, the conclusory allegation is made that defendant was negligent—but only that he was negligent.

■ Mere negligence in rendering medical assistance to a prisoner does not raise a claim cognizable under § 1983.

In Church v. Hegstrom, 416 F.2d 449, 450–451 (2d Cir. 1969), the Court concluded:

> While the protection provided by the United States Constitution for state prisoners' rights to medical care does not hinge alone on the specific intent or willfulness with which a party acting under color of law may deny them, see Monroe v. Pape, 365 U.S. 167, 81 S. Ct. 473, 5 L.Ed. 2d 492 (1961), § 1983 likewise does not authorize federal courts to interfere in the ordinary medical practices or other matters of internal discipline of state prisons. Wright v. McMann, 387 F.2d 519, 528 (2nd Cir. 1967); United States ex rel. Lawrence v. Ragen, 323 F.2d 410 (7th Cir. 1963). Whether a complaint claiming failure to provide medical care is deemed to allege a denial of Fourteenth Amendment rights, McCollum v. Mayfield, 130 F.Supp. 112, 115 (N. D.Cal.1955); cf. Hirons v. Patuxent Institution, 351 F.2d 613, 614 (4th Cir. 1965), or cruel and unusual punishment violating the Eighth Amendment, Wright v. McMann, supra; Coppinger v. Townsend, 398 F.2d 392, 393 (10th Cir. 1968), it must suggest the possibility of some "conduct that shocks the conscience," Rochin v. California, 342 U.S. 165, 172, 72 S.Ct. 205, 96 L.Ed. 183, 25 A.L.R.2d 1396 (1952), or "barbarous act," Robinson v. California, 370 U.S. 660, 676, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); Beard v. Lee, 396 F.2d 749 (5th Cir. 1968). Mere negligence in giving or failing to supply medical treatment alone will not suffice, since all rights existing under state law are not also federal rights carrying a federal remedy. Bradford Audio Corp. v. Pious, 392 F.2d 67, 72 (2nd Cir. 1968).

The First Circuit concurs in this view. Page v. Sharpe, 487 F.2d 567 (1st Cir. 1973).

The matter has been passed on in the Western District of Virginia where, in Bishop v. Cox, 320 F.Supp. 1031, 1032 (W.D.Va.1970), Judge Dalton said:

> There have been a number of recent cases dealing with allegations by prisoners that they have not received proper medical attention. Unless allegations of terrible or shocking neglect were made, however, the courts have been unwilling to interject themselves into this area of prisoner administration. The Court of Appeals for the Third Circuit has held that a claim of improper medical care is legally insufficent to establish a denial of rights secured under the Federal Constitution or laws. Fear v. Commonwealth of Pennsylvania, 413 F.2d 88 (3rd Cir.), cert. denied, 396 U.S. 935, 90 S.Ct. 278, 24 L.Ed.2d 234 (1969). Accord, Bowman v. Hale, 302 F.Supp. 1306 (S.D.Ala.1969). Mere negligence in giving or failing to supply medical treatment does not raise a section 1983 action. Church v. Hegstron, 416 F.2d 449 (2nd Cir. 1969).

Plaintiff has not favored the Court with a brief in opposition to defendant's motion to dismiss and its accompanying supportive brief. The Court knows of no authority contrary to the opinions cited and quoted.

■ Accordingly, the Court holds that the allegations of the complaint setting forth conclusory allegations of mere negligence on the part of defendant in making medical care available to plaintiff's decedent are insufficient to state a cause of action under 42 U.S.C. § 1983—the sole federal statute involved here.

An appropriate order shall issue.