UNITED STATES of America, Appellee,

v.

Neal SMALLWOOD, Appellant.

No. 76–1178.

United States Court of Appeals,
Eighth Circuit.

Submitted June 15, 1976.

Decided July 8, 1976.

**1258**

James R. Coe, Omaha, Neb., for appellant.

Daniel E. Wherry, U. S. Atty., Omaha, Neb., for appellee; Thomas D. Thalken, Asst. U. S. Atty., Omaha, Neb., on the brief.

Before VAN OOSTERHOUT, Senior Circuit Judge, HENLEY, Circuit Judge, and DEVITT, Chief District Judge.*

DEVITT, Chief District Judge.

Defendant appeals from the judgment revoking probation and committing him under the Youth Corrections Act, 18 U.S.C. § 5010(b), claiming (1) the court abused its discretion in revoking probation, (2) the court erred in accepting the guilty plea because he was incompetent, and (3) the sentence was excessive and constituted cruel and unusual punishment. We find no merit in the claims and affirm the judgment.

Defendant pled guilty on August 8, 1974, to a one-count information charging a violation of 21 U.S.C. § 841(a)(1), possession of Lysergic Acid Diethylamide (LSD) with intent to distribute, and was sentenced by the District Court[1] on September 19, 1974, under the Youth Corrections Act, 18 U.S.C. § 5010(b). The court suspended all but 30 days of the commitment and placed defendant on probation under 18 U.S.C. § 5010(a). No appeal was filed.

On November 21, 1974, a Petition for Revocation of Probation was filed alleging defendant failed to report to the Probation Office and to reside with his father as directed. Defendant appeared before the court on December 24, 1974, and admitted the allegations. The court continued defendant on probation.

On August 8, 1974, a second Petition for Revocation of Probation was filed alleging defendant failed to report to the Probation Office and to report his current address. He appeared before the court on November 13, 1975, with counsel and admitted the allegations of the Petition. This time the court revoked probation and committed defendant under 18 U.S.C. § 5010(b). Defendant later filed a motion for new trial which was denied. He then filed this appeal from the judgment revoking probation and from the order overruling defendant's motion for a new trial.

■ The record reflects no abuse of discretion by the district judge in revoking defendant's probation. Judge Schatz was very considerate of defendant in not revoking probation after the first violation and in giving him another opportunity to abide by the rules but, by his own admission, defendant violated again. The court had authority to revoke probation, 18 U.S.C. § 3653, and acted properly within his discretion in doing so, and we will not disturb his action. *United States v. Dennison*, 437 F.2d 439, 440 (8th Cir. 1971). *United States v. Alarik*, 439 F.2d 1349, 1351 (8th Cir. 1971).

■ Defendant's claim that he was incompetent at the time he admitted violation of his probation is contradicted by the record of the proceeding of November 13, 1975. Defendant was represented by counsel. The record reflects that defendant and his counsel had conferred about the alleged probation violations. Defendant told the court he was pleading guilty because he was guilty. His counsel told the court he knew of no reason why defendant should

---

* The Honorable Edward J. Devitt, Chief District Judge, United States District Court for the District of Minnesota, sitting by designation.

1. The Honorable Albert G. Schatz, United States District Judge for the District of Nebraska.

not plead guilty. In response to the court's specific request, defendant said he was clearheaded and was taking no drugs or medication. Defendant said he understood that a plea of guilty to the claimed probation violations would subject him to up to six years of confinement under the Youth Corrections Act.

There is nothing to show that defendant was incompetent to plead as he did. The record does show that defendant had infectious hepatitis but previously had been released from the Douglas County Hospital. Blood tests conducted on November 12, 1975, showed that defendant still had some traces of the disease and that because of its infectious nature, he was to return to the hospital for further treatment in isolation. But evidence of the lingering of the liver disease does not reflect mental incompetency. The trial court fully complied with Rule 11 of the Federal Rules of Criminal Procedure and permissibly concluded that defendant was competent and that his plea was made voluntarily and with understanding of the nature of the charge and the consequences of the plea.

Defendant's third claim, that the sentence was excessive and constituted cruel and unusual punishment, is frivolous. The sentence imposed was authorized by statute and the court exercised a proper discretion in revoking probation, especially after the second violation. *United States v. Dennison, supra*, and *United States v. Alarik, supra*.

Affirmed.