UNITED STATES of America, Appellee,

v.

Roland NORTON, Appellant.

No. 76–1269.

United States Court of Appeals,
Eighth Circuit.

Submitted July 19, 1976.

Decided Aug. 18, 1976.

Doris Gregory Black, St. Louis, Mo., for appellant.

Barry A. Short, U. S. Atty. and David M. Rosen, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, STEPHENSON and HENLEY, Circuit Judges.

1. Norton is represented by counsel.

PER CURIAM.

Roland Norton appeals from the denial of his 28 U.S.C. § 2255 motion to vacate sentence. We affirm.

In 1973 Norton was convicted by a jury of two counts of selling heroin in violation of 21 U.S.C. § 841(a)(1). He was sentenced on each count to ten years' imprisonment to be followed by a special parole term of five years, the sentences to run concurrently. The convictions were affirmed on appeal. *United States v. Norton,* 504 F.2d 342 (8th Cir. 1974), *cert. denied,* 419 U.S. 1113, 95 S.Ct. 790, 42 L.Ed.2d 811 (1975).

In December 1975 Norton filed the instant section 2255 motion,[1] setting forth three grounds for relief: (1) that the convictions were against the substantial and credible weight of the evidence; (2) that the sentences imposed were so disproportionate to the offense as to constitute cruel and unusual punishment; and (3) that the court failed to consider sentencing appellant under the Young Adult Offenders Act, 18 U.S.C. § 4216, *formerly* 18 U.S.C. § 4209. Norton was between the ages of 22 and 26 at the time of the his conviction and, therefore, eligible for sentencing under the Act.

The district court[2] denied relief, and Norton appeals.

The essence of appellant's first claim is that there was insufficient evidence to support his convictions. Such a claim is not cognizable under section 2255. *See, e. g., Houser v. United States,* 508 F.2d 509, 516 (8th Cir. 1974).

Appellant's next claim, that the sentences imposed were so disproportionate to the offenses charged as to constitute cruel and unusual punishment, is frivolous. Norton's sentences were within the range of penalties prescribed by Congress and were, in fact, less than the maximum. *See Houser v. United States, supra,* 508 F.2d at 516. *See also United States v. Smallwood,* 536 F.2d 1257 (8th Cir. 1976).

2. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

Norton finally contends that the district court failed to consider the Young Adult Offenders Act as a sentencing alternative, and thus failed to exercise its sentencing discretion. He points to the court's failure to advise him of his eligibility under the Act, make an express no-benefit finding, or advert to the Act during sentencing.

Again we find no merit in appellant's contentions. Unlike the Youth Corrections Act, 18 U.S.C. § 5005 *et seq.,* the Young Adult Offenders Act does not require that the court make an express no-benefit finding before sentencing an eligible offender as an adult. *Brager v. United States,* 527 F.2d 895, 899 n. 4 (8th Cir. 1975); *United States v. Garrison,* 527 F.2d 998, 1000 (8th Cir. 1975). Nor is the court obligated to advise a defendant of his eligibility under the Act. In order that it may properly exercise its sentencing discretion, it is necessary that the court recognize the availability of the Young Adult Offenders Act as a sentencing alternative. *See United States v. Schwartz,* 500 F.2d 1350 (2d Cir. 1974); *United States v. Wilson,* 450 F.2d 495 (4th Cir. 1971). We cannot say, however, that the sentencing court was not cognizant of the availability of the Act, despite the absence of an express reference to it in the record. The Young Adult Offenders Act has been in effect since 1958; Norton was sentenced by an experienced trial judge; and the court had before it a presentence report. In addition it should be noted that the appellant had been convicted on two counts of selling heroin in substantial amounts, i. e., a total of over three-quarters of a pound. Accordingly, we perceive no failure to exercise sentencing discretion. *Compare, United States v. Wilson, supra,* 450 F.2d at 496–98; *Stead v. United States,* 531 F.2d 872 (8th Cir. 1976).

Affirmed.