**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Michael R. O'NEILL,**
**Defendant-Appellant.**

**No. 77–1192.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Feb. 17, 1978.

Decided April 17, 1978.

Joseph F. Dolan, U. S. Atty., Denver, Colo. (Edward W. Nottingham, Asst. U. S. Atty., Denver, Colo., was with him on brief), for plaintiff-appellee.

Daniel T. Goodwin, Denver, Colo. (Dailey, Goodwin & O'Leary, P. C., Denver, Colo., was with him on brief), for defendant-appellant.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The issue is the validity of a sentence imposed after a guilty plea to a charge of distribution of cocaine, a Schedule II narcotic controlled substance, in violation of 21 U.S.C. § 841(a)(1). We affirm.

A number of indictments resulted from the activities of a federally paid and employed undercover informant. The defendants, including the defendant-appellant in this appeal, moved for the dismissal of the indictments because of the misconduct of the informant. The cases fell before Judges Finesilver and Matsch who jointly conducted a hearing at which opportunity was afforded for the introduction of evidence. The essence of the defense claim is that the informant distributed cocaine to the defendants, promised to advance musical careers by introduction to Hollywood contacts, and asked defendants to recipro-

cate by furnishing him cocaine. The two judges severally denied the motions to dismiss, holding that an entrapment defense could be presented at the trial and that a pretrial dismissal would not be appropriate. The present appeal does not attack this ruling, and we express no opinion as to its validity.

Defendant-appellant O'Neill's case fell before Judge Matsch. After negotiations with the United States Attorney, defendant pleaded guilty to one count and the remaining count of the indictment was dismissed on motion of the United States Attorney. After the court had obtained and considered a pre-sentence report, the case came on for imposition of sentence. The court gave defendant full opportunity to move for the withdrawal of his guilty plea and he did not do so. The court sentenced him to two years imprisonment, with all but 90 days suspended, and placed him on probation for four years. The additional three-year mandatory special parole term required by § 841(b) was also imposed. The defendant has served the 90-day sentence. He did not file any Rule 35, F.R.Crim.P., motion for correction or modification of sentence.

Defendant says that his sentence is illegal because the court sentenced him as an adult without making an explicit finding that he would not benefit from treatment under the Federal Youth Corrections Act, 18 U.S.C. § 5005, et seq. He was 22 years old at the time of conviction. Section 5006(d) of the Act, as amended in 1976, defines "youth offender" to mean "a person under the age of twenty-two years at the time of conviction." By reason of his age, defendant was not a "youth offender" but a "young adult offender" within the purview of 18 U.S.C. § 4216 (formerly § 4209). That section provides that if the court finds reasonable grounds to believe that a young adult offender will benefit from the treatment provided by the Federal Youth Corrections Act, the court may sentence him under that Act.

The sentencing court recognized the possibility of sentencing the defendant under

the Youth Corrections Act and said: "I have considered it and I have decided not to apply it in your case; to sentence you as an adult, * * *." Section 4216 does not require an explicit finding that the offender will not benefit from the provisions of the Youth Corrections Act. *Dorszynski v. United States,* 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855, is not in point. In that case the defendant was aged 19 and the Supreme Court reversed because the sentencing court made no explicit finding that the offender would not benefit from the treatment provided by the Youth Corrections Act. The "no benefit" requirement does not apply when the offender is 22. See Ibid. at 433, n. 9 and at 441, 94 S.Ct. 3042, and *Roddy v. United States,* 10 Cir., 509 F.2d 1145, 1146–1147; see also *United States v. Norton,* 8 Cir., 539 F.2d 1194, 1196 and *United States v. Cruz,* 9 Cir., 523 F.2d 473, 474, 475, cert. denied 423 U.S. 1060, 96 S.Ct. 797, 46 L.Ed.2d 651.

■ Defendant contends that in the imposition of sentence the court failed to give him individual treatment and to give consideration to the misconduct of the paid informant. *Williams v. New York,* 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337, says that "possession of the fullest information possible concerning the defendant's life and characteristics" is relevant, if not essential, to the selection of an appropriate sentence. *Williams v. Oklahoma,* 358 U.S. 576, 585, 79 S.Ct. 421, 427, 3 L.Ed.2d 516, says that the sentencing judge "is authorized, if not required, to consider all of the mitigating and aggravating circumstances involved in the crime."

At the pre-trial hearing on defendant's motion to dismiss the indictment because of prosecutorial misconduct, witnesses upon whom defendant intended to rely to establish his misconduct claim indicated that they would refuse to testify on Fifth Amendment grounds. The court denied a motion for an in camera hearing to determine what their testimony would be if they were granted immunity, and held that an entrapment defense did not justify a dismissal before trial.

The court considered a pre-sentence report on the defendant and letters from defense counsel relating to the claimed prosecutorial misconduct. After counsel presented his plea in mitigation, the court remarked that the sanction for agency conduct "should not be [to] give people probation for that reason alone." Counsel then asked the court to consider the Government's conduct and its bearing on the degree of culpability. The court then said, "I do, of course, give weight to that." The court also commented that the defendant was not in the drug business and that his "involvement comes about from other motivations and other reasons." Later the court referred to the "agonizing problem" which the imposition of sentence presented.

The record shows that the court gave individual treatment to the defendant and was well aware of the claims of prosecutorial misconduct. It did reject the defense argument that a light sentence should be given as a deterrent to that misconduct.

■ The imposition of sentence and the deterrence of improper activities present separate and distinct problems. See e. g. plurality opinion in *Hampton v. United States,* 425 U.S. 484, 490, 96 S.Ct. 1646, 48 L.Ed.2d 113. In declining to use deterrence as a factor for consideration in determination of a sentence, the court did not abuse its discretion.

■ Defendant pleaded guilty to distribution of cocaine, a narcotic. The maximum penalty for a first offense is imprisonment for no more than 15 years, a fine of no more than $25,000 or both, with a special parole term of at least three years, in addition. 21 U.S.C. § 841(b)(1)(A). Defendant's sentence of 90 days imprisonment plus four years probation and three years special parole reflects judicial consideration of all mitigating circumstances. See *Williams v. Oklahoma,* 358 U.S. at 585, 79 S.Ct. 421. The sentence is fair and we will not disturb it. See *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct. 589, 30 L.Ed.2d 592.