UNITED STATES of America, Appellee,

v.

Mark W. MULLER, Appellant.

UNITED STATES of America, Appellee,

v.

John Kevin KORSTAD, Appellant.

Nos. 78–1567, 78–1588.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 13, 1978.

Decided Dec. 5, 1978.

William F. Clayton, Sioux Falls, S. D., filed brief for Korstad.

John E. Burke, Sioux Falls, S. D., filed brief for Muller.

James R. Britton, U. S. Atty., and Gary Annear, Asst. U. S. Atty., Fargo, N. D., filed brief for appellee.

Before GIBSON, Chief Judge, LAY and HEANEY, Circuit Judges.

PER CURIAM.

Mark W. Muller and John Kevin Korstad entered guilty pleas to a five count indictment charging them and four others in a cocaine distribution and conspiracy scheme. Muller pleaded guilty to two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1) and one count of conspiracy to distribute cocaine in violation of 21 U.S.C.

**592**

§ 846. Korstad pleaded guilty to the conspiracy count. On July 17, 1978, both defendants were sentenced by the district court. Muller received a sentence of five years with a special parole term of two years on each count; the sentences on the distribution counts to run concurrently, two years of the sentence on the conspiracy count to run consecutively and three years to run concurrently. Korstad received a sentence of five years with a special parole term of two years on the conspiracy count. On appeal both defendants contend the district court abused its discretion in not sentencing defendants pursuant to the Young Adult Offenders Act, 18 U.S.C. § 4216.[1] We affirm.

At the time of their guilty pleas both defendants were eligible for treatment as young adult offenders. Sentencing under the provisions of that act is at the discretion of the district court and depends on whether, in the court's opinion, a defendant would benefit from treatment under the Federal Youth Corrections Act, 18 U.S.C. §§ 5005–5026. *See United States v. Norton,* 539 F.2d 1194, 1196 (8th Cir. 1976). We have reviewed the district court's sentencing decision and are unable to find any failure of the district court to exercise its sentencing discretion. The sentences are within the statutory limits. In addition the district court had before it extensive presentence investigations containing details relevant to the statutory criteria and the factual situation surrounding the charges. *See United States v. French,* 575 F.2d 677, 678 (8th Cir. 1978); *United States v. Norton, supra.*

Affirmed.

---

1. 18 U.S.C. § 4216 provides:

   In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there are reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C., chap. 402) sentence may be imposed pursuant to the provisions of such Act.