951 F.2d 352
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ajibola J. EDUN, Petitioner-Appellant,
v.
UNITED STATES of American, Respondent-Appellee.
 No. 90-3622.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 3, 1991.*
Decided Dec. 26, 1991.
 
 Before WOOD, JR., and FLAUM, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.
 
 ORDER
 
 1
 Ajibola J. Edun appeals the denial of his petition to vacate his conviction, brought pursuant to 28 U.S.C. § 2255. In the petition, Edun claims that his conviction for using or carrying a firearm during the commission of a narcotics offense, in violation of 18 U.S.C. § 923(c), is constitutionally invalid. Edun raises four grounds in support of his petition: 1) there is insufficient evidence to support the conviction; 2) appellate counsel was ineffective by failing to raise all sufficiency of the evidence challenges on direct appeal; 3) the trial court erred by failing to make special findings under Federal Rule of Criminal Procedure 23(c); and 4) trial counsel was ineffective by failing to request special finding and by failing to challenge the sufficiency of the evidence to support the firearms conviction in his motion for judgment of acquittal.
 
 I. BACKGROUND
 
 2
 A thorough recitation of the facts can be found in United States v. Edun, 890 F.2d 983 (7th Cir.1989), our opinion affirming Edun's convictions. For purposes of this appeal, only an abridged factual account is necessary. In May of 1988, Tessy Akinwande, a Nigerian citizen, arrived at a New York airport carrying 92 balloons of heroin which he had ingested before his travels. Akinwande's plan was to contact Edun in Chicago, then travel to Chicago to complete the delivery of the narcotics. Akinwande, however, was detained by Customs agents who discovered the contraband. Akinwande agreed to cooperate with the law enforcement agents. Therefore, he contacted Edun who told him to fly to Chicago with the drugs. Edun met Akinwande at Midway Airport, and as they were leaving Akinwande reported that the drugs were in the bag which he was carrying. Akinwande handed the bag to Edun. The pair were arrested by drug enforcement agents as they reached Edun's car. A search of the car revealed a .38 caliber semi-automatic handgun and ammunition in the trunk of the car.
 
 
 3
 Edun was charged with: (1) conspiracy to import heroin, in violation of 21 U.S.C. 963; (2) the importation of heroin in violation of 21 U.S.C. § 952(a) and 18 U.S.C. § 2; (3) conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846; (4) the use a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c);[1] and (5) the use a communication facility to commit the narcotic offenses, in violation of 21 U.S.C. § 843(b). A bench trial was held before Judge Nicholas Bua on August 5, 1988.
 
 A. The Bench Trial
 
 4
 During the bench trial "little attention was given to the offense of carrying or using a weapon during the commission of a drug offense." Edun, 890 F.2d at 986. During opening statements, the government mentioned the weapon:
 
 
 5
 An inventory search of the BMW later found a fully loaded semi-auto revolver in the trunk of the car. And that is the basis for the charge that he was carrying a firearm during and in relation to the drug crimes.
 
 
 6
 Id. The only evidence introduced in reference to the weapon was a stipulation which the government read into the record. The stipulation identified the make and type of weapon and stated that the gun was found in the trunk of the automobile driven by Edun. The stipulation further stated that the Chicago Police Department laboratory did not find any finger prints on the weapon. Id. at 986-87. Defense counsel argued during closing statements that Edun had no knowledge that the gun was in the vehicle. In rebuttal, the government stated:
 
 
 7
 Your Honor, I ask you also to use your common sense. A .38 semi-automatic fully loaded gun in the trunk of the car is there for a purpose. The purpose is the fact that the defendant is a drug dealer. He's about to pick up a large load of heroin from Tessy Akinwande.
 
 
 8
 Id. at 987.
 
 
 9
 The district court found Edun guilty on all five counts. The court sentenced Edun to five years on all counts. The sentences on the three narcotics counts and on the communications charge were to run concurrently. The judge ordered, as required by § 924(c), that the five year sentence on the weapon offense run consecutive to the other sentences.
 
 B. Direct Appeal
 
 10
 On appeal, Edun's attorney argued that the evidence was insufficient to sustain the conviction for the use of a weapon during and in relation to drug trafficking because the government failed to prove that Edun knew that the weapon was in the trunk. This court stated:
 
 
 11
 On appeal, we are confronted with an unusual situation. ... Mr. Edun submits that the government failed to prove the firearms offense because there was no proof that he knew the weapon was in the trunk. Notably, he does not argue in his brief that the government's case with respect to this offense is deficient in any other way. Specifically, he does not argue that, assuming he had knowledge of the weapon's presence, its location in the locked trunk of the car could not constitute either "carrying" or "using" the weapon during the commission of the drug offense.
 
 
 12
 Id. at 987 (emphasis in original). The court then noted that the government ignored the "knowledge" argument and addressed only whether sufficient evidence existed to prove that Edun "carried" the weapon.
 
 
 13
 The court found that sufficient evidence existed to prove that Edun knew the weapon was in the trunk. He had recently purchased the vehicle which was registered in both his and his wife's names. In addition, the car was completely in Edun's control. The court declined, however, to decide whether the evidence was sufficient to find that Edun carried or used the weapon in relation to the drug offenses because the appellant did not raise that issue on appeal.
 
 
 14
 C. District Court Proceedings on the § 2255 Petition
 
 
 15
 The district court held that appellate counsel's failure to challenge the sufficiency of the evidence in regard to whether Edun "carried" or "used" the weapon "in relation" to the drug offense was a strategic choice that was in the range of reasonable representation. As to the sufficiency challenge itself, the court wrote:
 
 
 16
 Petitioner has already received a hearing in federal court on whether sufficient evidence existed to find him in violation of § 924(c). This court made the determination at petitioner's bench trial that sufficient evidence existed to find petitioner guilty beyond a reasonable doubt, including the § 924(c) offense. The Seventh Circuit affirmed the conviction on direct appeal after considering petitioner's claims of insufficiency of evidence and lack of credible witness testimony. Further review would be equivalent to beating a dead horse.
 
 
 17
 Edun v. U.S., No. 90 C 5559 at 2 (N.D.Ill. Nov. 5, 1990) (Memorandum Order). As to Edun's arguments concerning the failure to request special finding, the court held that the "district court made an adequate general finding when he pronounced petitioner guilty beyond a reasonable doubt...." Id. at 3. Because special findings were not necessary, the court held that counsel was not ineffective for failure to request such findings. In the motion for acquittal, counsel only argued that Akinwande, who testified for the government, was not credible. This argument, the court held, was a strategic choice to emphasize the issue that had the greatest likelihood of success.
 
 II. ANALYSIS
 A. Sufficiency of the Evidence
 
 18
 Edun claims that there is insufficient evidence to prove that he "used" or "carried" a gun "during or in relation to" a drug trafficking offense.[2] When reviewing a challenge to the sufficiency of the evidence, "we must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt." United States v. Vasquez, 909 F.2d 235, 239 (7th Cir.1990). For purposes of § 924(c):
 
 
 19
 A gun is "used" under the statute if its presence " 'increased the likelihood of success' " of the drug offense as a means of protection or intimidation, see [United States v.] Rosado, 866 F.2d at 970 (quoting United States v. LaGuardia, 774 F.2d 317, 321 (8th Cir.1985)), or if its presence provides the defendant with the "security and confidence needed to undertake such a large cocaine transaction." Id.
 
 
 20
 Vasquez, 909 F.2d at 239.
 
 
 21
 In Vasquez, this court upheld a conviction for the use of a firearm in the commission of a narcotics offense where guns were found locked in a trunk that also contained narcotics. We held that a reasonable trier of fact could conclude that the "firearms instilled Vasquez with a heightened sense of security while he possessed the drugs with the intent to distribute them." Id. at 240. This court similarly found sufficient evidence to uphold a § 924(c) conviction where a gun and cocaine were found underneath a seat of a car that the defendant was attempting to enter. United States v. Garrett, 903 F.2d 1105, 1111 (7th Cir.1990) (citing cases).
 
 
 22
 Edun drove to Midway Airport in a car to meet a drug courier who was delivering a large amount of heroin. Although Edun did not carry the weapon on his person, he had access to the trunk and, therefore, access to the firearm. A rational trier of fact could conclude that Mr. Edun placed a semi-automatic handgun in the trunk of his car to provide "security and confidence, [which] facilitated the narcotics transaction." United States v. Ocampo, 890 F.2d 1363, 1371 (7th Cir.1989) (quoting United States v. Diaz, 864 F.2d 544, 549 (7th Cir.1988)). Sufficient evidence exists to support Edun's conviction for carrying or using a weapon during or in relation to a drug trafficking offense.[3]
 
 B. Special Verdict
 
 23
 Federal Rule of Criminal Procedure 23(c) provides:
 
 
 24
 In a case tried without a jury the court shall make a general finding and shall, in addition, on request made before the general finding, find the facts specially. Such findings may be oral. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact appear there.
 
 
 25
 Edun contends that the district court could not find him guilty of the firearm offense absent special findings of fact. In addition, he claims that trial counsel was ineffective for failing to request special findings pursuant to Rule 23(c). The district court held that the general finding that Edun was guilty satisfies Rule 23(c).
 
 
 26
 The government raises several contentions in regard to Edun's arguments concerning Rule 23(c). First, they contend that Edun cannot raise this issue on a § 2255 petition because no constitutional question is raised. The government also points out that in the absence of a request by the defendant, no special findings are required.
 
 
 27
 We agree that Edun's challenge to the absence of special findings does not raise a constitutional question. The Second Circuit explained in Rivera v. Harris, 643 F.2d 86, 96 (2nd Cir.1981):
 
 
 28
 [W]e can find no case holding that special findings in a criminal case are constitutionally required, and the implicit premise of our suggestions to district judges that they make special findings even when not requested by defendants is that such findings are not constitutionally required.... Cf. Arizona v. Washington, 434 U.S. 497, 516-17, 98 S.Ct. 824, 835, 54 L.Ed.2d 717 (1978) (lack of explanation for mistrial order does not render it constitutionally defective if likely basis inferable from the record).
 
 
 29
 The fact that special findings are not required, absent a request from the defendant, demonstrates that the court has no statutory or constitutional duty to sua sponte make such findings. In this case, Edun did not request special findings, and the trial court's general finding that the defendant was guilty fully complied with Rule 23(c). Assuming, arguendo, that a failure to make special findings could have constitutional consequences, Edun still cannot prevail. In light of our holding that the record contains sufficient evidence to support his conviction on the weapons charge, Edun cannot show prejudice from the failure to make special findings of fact.
 
 C. Ineffective Assistance of Counsel
 
 30
 Edun claims ineffective assistance by trial counsel for failing to request a special verdict and by appellate counsel for failing to raise the sufficiency of evidence challenge brought in this petition. We have determined that sufficient evidence supports the conviction and that the district court's general findings comport with Rule 23(c). Therefore, Edun cannot demonstrate any prejudice from his counsel's alleged ineffectiveness.
 
 
 31
 The decision of the district court denying Edun's § 2255 petition is
 
 
 32
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The version of 18 U.S.C. § 924(c) in effect at the time Edun committed his crimes reads:
 (1) Whoever, during and in relation to any crime of violence or drug trafficking ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking, be sentenced to imprisonment for five years....
 The statute has since been amended. See Edun, 890 F.2d at 985, 986 n. 1.
 
 
 [2]
 The government argues that a § 2255 petitioner can never raise a challenge to the sufficiency of the evidence because such a challenge has neither constitutional nor jurisdictional implications. Jackson v. Virginia, 443 U.S. 307, 317-18 (1979), however, firmly establishes that the Fourteenth Amendment requires proof beyond a reasonable doubt to secure a criminal conviction, and, absent such proof, a conviction may not constitutionally stand. Thus, a petitioner raises a constitutional claim when challenging the sufficiency of the evidence. See also Fagan, No. 91-2118, slip op. at 5 (7th Cir. Sept. 5, 1991). The government erroneously relies upon United States v. Norton, 539 F.2d 1194, 1195 (8th Cir.1976), an Eighth Circuit case decided before Jackson to support its argument that a sufficiency of the evidence challenge has no constitutional dimensions. The government also relies upon United States v. Gabriel, 525 F.Supp. 173, 179 (N.D.Ill.1981), aff'd mem., 692 F.2d 759 (7th Cir.1982). The district court in Gabriel relied on the Eighth Circuit's Norton opinion. To the extent that Gabriel states that no constitutional question is raised when a petitioner challenges the sufficiency of the evidence to support a conviction, it is error
 
 
 [3]
 Because we find that there was sufficient evidence to support the firearms conviction, counsel's failure to challenge the conviction in his motion for acquittal is not prejudicial error