## MATTHEWS v. SWOPE, Warden.

### No. 9416.

Circuit Court of Appeals, Ninth Circuit.

April 30, 1940.

Joseph Matthews, in pro. per.

J. Charles Dennis, U. S. Atty., and Frank A. Pellegrini and Oliver Malm, Asst. U. S. Attys., all of Tacoma, Wash., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appellant, hereinafter referred to as the petitioner, seeks review of an order of the District Court denying his petition for a writ of habeas corpus.

Petitioner filed a petition for a writ of habeas corpus, in the District Court for the

Western District of Washington, alleging that he was unlawfully restrained and deprived of his liberty by the warden of the United States penitentiary at McNeil Island, Washington. Thereupon an order was issued by the court below directing the warden to show cause why petitioner should not be discharged from custody and the prayer of the petitioner granted. The warden demurred to such petition and after argument, in which counsel appointed to represent petitioner participated, the court, in a written opinion, sustained the demurrer, and ordered the petition denied and the cause dismissed.

The petition disclosed the following undisputed facts. On September 8, 1936, in the United States District Court for the Southern District of California petitioner pleaded guilty to two counts of an indictment therein filed against him, charging violation of § 264, Title 18, United States Code, 18 U.S.C.A. § 264, and was sentenced to imprisonment for a term of three years on each count, such sentences to run consecutively. Thereafter, on May 17, 1937, in the United States District Court for the Western District of Washington, petitioner entered a plea of guilty to two counts of an indictment charging a violation of § 73, Title 18, United States Code, 18 U.S.C.A. § 73.

In the last mentioned cause, judgment of the Court was pronounced as follows:

"It is the judgement and sentence of the Court that defendant be imprisoned for a period of *three years* on each of Counts one and two of the Indictment herein, the said sentences of imprisonment to run currently and not consecutively, and this sentence to begin upon the expiration of the sentence now being served by defendant, the place of imprisonment to be the United States Penitentiary, on McNeil Island, Washington until such time as the Attorney General of the United States shall designate some other place as the place of imprisonment.

"And it is the further judgment and sentence of the Court that defendant pay to the United States of America a fine of five hundred dollars ($500.00) on each of Counts I and II of the Indictment herein, and defendant is ordered to be further imprisoned until the said fines are paid or until he shall be otherwise discharged by law.

"And it is further the judgment and sentence of the Court that defendant be committed into the custody of the Attorney General of the United States and the Warden of the United States Penitentiary on McNeil Island, his authorized representative, to execute this sentence, and defendant is remanded into the custody of the United States Marshal for return forthwith to the Warden of the U. S. Penitentiary on McNeil Island to resume the service of sentence he is now serving."

It further appears that Count One of the California indictment charges that petitioner did "make and execute, and cause to be made and executed certain negatives, prints and plates in the likeness and similitude as to the design and inscriptions thereon of plates *designed* for the printing of obligations and securities of the United States, * * * with intent to use such plates and to suffer the same to be used in forging and counterfeiting certain obligations of the United States;" and that Count Two of said indictment charges petitioner with the possession of such negatives, prints and plates so "designed" with intent to use the same in forging and counterfeiting obligations of the United States.

█ It is the contention of appellant that the California indictment does not charge an offense because while the statute uses the word "designated" in describing the negatives, prints and plates referred to in § 264, Title 18, United States Code, 18 U.S.C.A. § 264, the indictment charged the making and possession of negatives, prints and plates "designed" for the printing of obligations and securities. In disposing of this contention the court below properly held that "the sufficiency of the indictment may not be for the first time raised by a petition for a writ of habeas corpus". Ex parte Watkins, 3 Pet. 193, 203, 7 L.Ed. 650; Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036; Craig v. United States, 9 Cir., 89 F.2d 980, 982.

█ Appellant further urges that he was subjected to "double jeopardy" because the facts alleged in Counts One and Two of the California indictment constitute but a single offense; that the plates, negatives and prints which Count One charged that he made or caused to be made, are the same plates which Count Two charges that he possessed. Since the proof necessary to support the first count is different from and additional to that required to support the second count, we must hold against appel-

lant, for the rule is "where two offenses are charged having relation to the same matter or transaction there is no double jeopardy in making and trying the charges, if each offense requires proof of a fact which the other does not." Remaley v. Swope, 9 Cir., 100 F.2d 31–33.

There remains for consideration appellant's final contention, namely, that the judgment pronounced in the Western District of Washington was so vague, indefinite and uncertain as to make it void, or in any event, to make it effective as commencing on the day of its pronouncement.

█ The rule for testing such question of uncertainty is found in United States v. Daugherty, 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309, where it is said "Sentences in criminal cases should reveal with fair certainty the intent of the court and exclude any serious misapprehensions by those who must execute them. The elimination of every possible doubt cannot be demanded." Applying this rule to the sentence supra, we cannot say that the judgment was insufficient or void.

The judgment of dismissal of the petition, entered by the court below, is affirmed.