**WHITE v. PESCOR, Warden, U. S. Medical Center, Springfield, Missouri.**

**No. 13310.**

Circuit Court of Appeals, Eighth Circuit.

June 17, 1946.

---

[1] Herman v. United States, 5 Cir., 48 F.2d 479; Jordan v. United States, 5 Cir., 120 F.2d 65; Ansley v. United States, 5 Cir., 135 F.2d 207.

Joseph Ronald White, in pro. per.

Richard H. Musser, Asst. U. S. Atty., of Kansas City, Mo. (Sam M. Wear, U. S. Atty., of Kansas City, Mo., on the brief), for appellee.

Before GARDNER and THOMAS, Circuit Judges, and DUNCAN, District Judge.

GARDNER, Circuit Judge.

This is an appeal from an order dismissing without hearing appellant's petition for writ of habeas corpus.

Appellant, an inmate of the United States Medical Center, Springfield, Missouri, applied to the District Court for the Western District of Missouri for a writ of habeas corpus. The petitioner alleged that he was unlawfully detained by the respondent in the United States Medical Center at Springfield, Missouri; that the color of authority by virtue of which he is restrained is a warrant of commitment issued by the District Court of the United States for the District of North Dakota based upon a judgment of said court adjudging him guilty of the violation of a criminal law of the United States; that he had been indicted in the District Court of North Dakota under an Act of May 18, 1934, 12 U.S.C.A. § 588a et seq., the indictment being in two counts, one for robbery of an insured bank, as defined in subsection (c) of Section 12B of the Federal Reserve Act, 12 U.S.C.A. § 264(c), and the other for putting in jeopardy the life of the officials of the bank in the course of the robbery; that he pleaded guilty to both counts of the indictment and was sentenced to five years under the first and twenty-five years under the second, sentence under the second "to run concurrently with the sentence imposed under the first count of the indictment."

The petitioner alleged "that he was arrested in Bismarck, North Dakota, and held about thirteen days in the jail at Fargo, North Dakota; that he was not informed of the nature of the accusation against him; that he was not arraigned before the United States Commissioner; that he was denied access to bail; that he did not have the assistance of legal counsel for his defense; that he was persuaded to plead guilty as charged in the indictment by a promise of the FBI agent assigned to his case that he would get a reasonable sentence"; that he has completed the sentence on count 1; that he is imprisoned

on count 2; that the two counts of the indictment charged but one offense and that he has been put twice in jeopardy by the imposing of sentence under count 2.

The court did not issue a writ nor issue a rule upon respondent to show cause why a writ should not issue but instead dismissed the petition, expressing the view that, "No facts are stated which would entitle petitioner to a writ of habeas corpus." Appellant then applied for leave to appeal in forma pauperis, which petition was granted.

As has been observed, petitioner is an inmate of the United States Medical Center, and in addition to this handicap he is not represented by counsel, nor was he represented by counsel on his application for the writ. On this appeal he makes two contentions: First, that he was tried without advice or assistance of counsel, and second, that the sentence upon the second count is void, and hence he has served the full term of the sentence on count 1.

■ In considering appellant's petition for habeas corpus we think its allegations should be liberally construed in his favor. As said by the Supreme Court in Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 1017, 85 L.Ed. 1392:

"A petition for habeas corpus ought not to be scrutinized with technical nicety. Even if it is insufficient in substance it may be amended in the interest of justice."

Appellant was indicted with two others, Earl Phipps and Forrest Holiday. In Holiday v. United States, 8 Cir., 130 F.2d 988, 990, we considered this same indictment. In the course of the opinion in that case, Judge Sanborn, speaking for the court, said:

"It is our opinion that the indictment, after plea of guilty and for the purpose of sentence, charged but one offense, which was the offense fully described in the second count; that that count and the sentence imposed under it were valid; and that the court below did not err in sustaining that sentence and vacating the sentence imposed under the first count."

■ Appellant began to serve his sentence December 5, 1936. His sentence under the second count, which we have held was good, was for twenty-five years. He has therefore not served the full term of this valid sentence. The erroneous imposition of two sentences for a single offense does not constitute double jeopardy.

■ It remains to consider the allegation that he was denied his constitutional right to the assistance of counsel for his defense, and that he was persuaded by a government representative to plead guilty to the charges as a result of promises made to him by government investigators. As has been observed, the petition was dismissed without hearing. By this procedure petitioner was denied the opportunity of proving the allegations of the petition and he was denied the right to testify before the Judge in support of the allegations of the petition. Sections 454 to 461, both inclusive, Title 28 U.S.C.A., prescribe the procedure to be followed, and we can not agree that the allegations of the petition to the effect that petitioner was denied his constitutional right to assistance of counsel were insufficient as a matter of law to entitle plaintiff to the relief sought. Hawk v. Olson, 326 U.S. 271, 66 S.Ct. 116.

■ On oral argument counsel for the government stressed the fact that these applications for writ of habeas corpus had become so numerous as to be very annoying and expensive to the government, and that this application was manifestly without merit, and hence, the judgment should be sustained. We think, even from a practical standpoint, little is to be gained by an attempt to substitute a procedure differing substantially from that prescribed by the Acts of Congress. It must be borne in mind that an application for writ of habeas corpus is not a criminal proceeding but a civil one. Harrison v. King, 8 Cir., 111 F.2d 420; Burgess v. King, 8 Cir., 130 F.2d 761. The burden of proof to support the allegations of applicant's petition rests upon the petitioner. The court on presentation of such a petition should make a preliminary examination to determine whether the petition discloses upon its face sufficient basis for issuance of the writ. Estabrook v. King, 8 Cir., 119 F.2d 607; Meeks v. Kaiser, 8 Cir.,

125 F.2d 826; Banks v. O'Grady, 8 Cir., 113 F.2d 926. Should the court determine from such examination that the allegations are sufficient as a basis for the issuance of the writ, it might then issue a rule on respondent requiring him to show cause why the writ should not issue. On respondent's return it could then be determined whether there is present an issue of fact. There is, of course, a presumption of regularity in the proceeding resulting in the sentence and detention of petitioner, and if the government feels that the allegations of the petition can not be sustained, it might in the first instance at least rest upon that presumption and await the proof to be submitted by petitioner. It may well transpire that such proof will be entirely insufficient or so incredible as to warrant the court in disbelieving it (Hawk v. Olson, supra), in which event no proof on behalf of the government would be necessary. If, however, the proof submitted should prove to be substantial, we see no legal objection to granting the government time in which to rebut such proof. Such procedure might, it occurs to us, in many instances save expense and delay.

In the instant case appellant was entitled to an opportunity to prove the allegations of his petition and the judgment appealed from is therefore reversed and the cause remanded for further proceedings consistent herewith.