## MICHENER v. UNITED STATES.

No. 13375.

Circuit Court of Appeals, Eighth Circuit.

Oct. 23, 1946.

Writ of Certiorari Granted Jan. 20, 1947.

Elliott W. Michener, per se, for appellant.

James J. Giblin, Asst. U. S. Atty., of St. Paul, Minn. (Victor E. Anderson, U. S. Atty., of St. Paul, Minn., on the brief), for appellee.

Before GARDNER, WOODROUGH, and RIDDICK, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion to vacate the sentence imposed and the judgment entered on the second count of an indictment. The motion was based upon the ground that the arraignment upon the second count of the indictment was in violation of the double jeopardy clause of the Fifth Amendment to the Constitution of the United States. The indictment, drawn under Section 264, Title 18 U.S.C.A., was in two counts. Count 1 charged that appellant and a co-defendant "unlawfully did cause and procure to be made a certain plate in the likeness of a plate designated and prepared by the direction of the Secretary of the Treasury of the United States, for the printing in the Bureau of Printing and Engraving of the United States, of that certain obligation of the United States; to-wit, * * *." Then followed a description of the plate. The second count charged that at the same time and place, appellant and his co-defendant "unlawfully did have in their control, custody and possession that certain plate made after and in the similitude of a plate from which genuine Federal Reserve Notes of ten-dollar denomination have been printed in the Bureau of Printing and Engraving of the United States, with intent then and there on the part of defendants to use said plate in counterfeiting Federal Reserve Notes on the Federal Reserve Bank of Minneapolis, * * *." Then followed a description of the obligation, being identical with the description set out in Count 1 of the indictment. From the facts disclosed by the indictment and those admitted with commendable frankness by the government's attorney on oral argument, it is clear that there was but one plate involved.

To this indictment appellant pleaded guilty and upon such plea he was sentenced to a term of fifteen years and a fine of $5,000 on each count, the sentences to be served consecutively.

On this appeal appellant urges that he has been twice placed in jeopardy for the same offense in that the same evidence which proves Count 1 will sustain a conviction on Count 2.

The statute under which the indictment was drawn, omitting parts not here material, reads as follows:

"* * * whoever by any way, art, or means shall make or execute, or cause or procure to be made or executed, or shall assist in making or executing any plate, stone, or other thing in the likeness of any plate designated for the printing of such obligation or other security; or whoever shall sell any such plate, stone, or other thing, or bring into the United States or any place subject to the jurisdiction thereof, from any foreign place, any such plate, stone, or other thing, except under the direction of the Secretary of the Treasury or other proper officer, or with any other intent, in either case, than that such plate, stone, or other thing be used for the printing of the obligation or other securities of the United States; or whoever shall have

in his control, custody, or possession any plate, stone, or other thing in any manner made after or in the similitude of any plate, stone, or other thing, from which any such obligation or other security has been printed, with intent to use such plate, stone, or other thing, or to suffer the same to be used in forging or counterfeiting any such obligation or other security, or any part thereof; * * * shall be fined not more than $5,000, or imprisoned not more than fifteen years, or both." Sec. 264, Title 18 U.S.C.A.

█ It is argued by appellant that one can not make, cause or procure to be made a mechanism such as is described in Count 1, without having control, custody and possession of it, and that the offense of unlawful possession is complete at the moment of possession and that such possession is a continuing offense, not augmented because it may continue for more than a day, nor subject to arbitrary division into separate offenses or periods of time. We agree with appellant that he could not have made or procured to be made, the plate described in the indictment without having possession of the plate. Patrilo v. United States, 8 Cir., 7 F.2d 804, 805; Morgan v. United States, 4 Cir., 294 F. 82. If he procured it to be made, the person making it for him was his agent and he was in constructive possession when the plate was completed by his procurement. Richardson v. United States, 3 Cir., 181 F. 1; Moffitt v. United States, 10 Cir., 154 F.2d 402; United States v. De-Normand, 2 Cir., 149 F.2d 622. If he made it himself, he was of necessity in possession of the plate when it was completed.

█ Where the same act or transaction constitutes a violation of two distinct statutory provisions, the test usually applicable, and the one which appellant here invokes to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not. Hewitt v. United States, 8 Cir., 110 F.2d 1; Roark v. United States, 8 Cir., 17 F.2d 570; Spencer v. Cox, 8 Cir., 140 F.2d 73. The test of identity of offenses is whether the same evidence is required to sustain them. If it is not, then the mere fact that both charges relate to and grow out of one and the same transaction does not necessarily make a single offense where two are defined by the statute. There need not, however, be formal, technical, absolute identity, but substantial identity is sufficient. To sustain the plea of double jeopardy, it must appear that appellant upon the first charge could have been convicted of the offense in the second. The possession with which appellant is charged in the second count resulted from and was an incident to the act charged in the first count. In other words, he became possessed of this plate by the unlawful act of making it or procuring it to be made. There was but one transaction and one plate and the act of procuring possession was an integral part of the unlawful act of creating this plate.

█ There can be no doubt but that separate offenses might be charged and proved under this statute, but that does not solve the question here presented. We must interest ourselves not with what might have been done, but what was actually done in this case. As said by Judge Faris, speaking for this court in Cain v. United States, 8 Cir., 19 F.2d 472, 474:

"The trouble is not with the law but with the facts. This possibility of a violation of either statute by wholly different acts is readily demonstrable. Many of the cases seem to make the latter possibility the test which saves the situation from double jeopardy. We think, however, it is a question of what was actually done rather than a question of what might have been done. Defendant concededly might have made a sale of morphine without sending such morphine through the mail, or he might have sent morphine through the mail, or shipped it by express or by freight, and thus have been guilty on the second count, without making a sale."

So in the instant case, it may be conceded that under a possible state of facts one could properly be convicted of the two offenses charged in the indictment, but as stated by Judge Faris in Cain v. United States, supra, "It is a question of what was actually done rather than a question of what might have been done." This thought is expressed by Judge Rutledge, now Mr. Justice Rutledge, in a concurring opinion in District of Columbia v. Buckley, 75 App.

D.C. 301, 128 F.2d 17, 21, where, in referring to the evidence type of test, he says:

"That test is useful to spell out the elements of the crimes charged, and therefore to disclose what, if any, difference exists between them. If there is none that ends the matter. But if difference is disclosed there is in my view always another step which must be and is taken either intuitively or with deliberation. That is to weigh the difference to determine whether it is substantial or too minor to be material for purposes of double jeopardy. The court must evaluate as well as spell out the difference, and determine whether the element it affects is sufficiently important in relation to other elements involved in both crimes to justify refusal to apply the constitutional protection."

Substantially the same test is suggested by the Circuit Court of Appeals of the Seventh Circuit, in the case of Murphy v. United States, 285 F. 801, 817, where in an opinion by Judge Evans it is said:

"The Fifth Amendment to the Constitution protects all against double punishment for the same offense. Its enforcement and its application demand a test which is a practical, not a theoretical one. It is the evidence, and not the theory of the pleader, to which we must look to determine this issue. And it is needless to add that one accused of crime, regardless of kind or magnitude of the offense, is entitled to the protection of this section of the Constitution."

Congress may create separate and distinct offenses growing out of the same transaction but where it is necessary in proving one offense, to prove every essential element of another growing out of the same act, a conviction of the former is a bar to a prosecution for the latter. The rule is well stated in Bishop, 1 N Cr.L., Section 1048, as follows:

"Offenses are the same whenever evidence adequate to sustain one indictment will equally sustain the other. Moreover, if the two indictments set out like offenses and relate to one transaction, yet if one contains more of a criminal charge than the other, but upon it there could have been a conviction for what was embraced in the other, the offenses, though of different names, are, within our constitutional guaranty, the same."

In Patrilo v. United States, supra, Patrilo and others were convicted of possessing property intended for unlawful manufacture, distillation and production of intoxicating liquor and of unlawfully manufacturing intoxicating liquor. The court held that the charge of possession was included in the charge of manufacturing. In the course of the opinion it is said [7 F.2d 805]:

"But conceding that the proof would have supported a verdict of guilty on the first count as against all three defendants, because they were all in the joint possession of the still and mash, within the meaning of section 25, they could not also be convicted and punished on the second count, for the reason that the offense charged therein embodied the offense charged in the first count. The two charges are of the same date and the evidence deals with but one occasion, when the police officers went to Patrilo's place."

The court quotes with approval from Tritico v. United States, 5 Cir., 4 F.2d 664, 665, as follows:

" * * * it must be apparent at once that proof of possession of distillery apparatus would necessarily have to be included in order to prove the manufacture of liquor, because such manufacture would otherwise be impossible. Likewise the same evidence which proved manufacture of liquor proved possession of it, because, upon the manufacture being completed, the liquor necessarily came into the control or possession of the manufacturer. It can make no difference whether separate charges are tried together or at different times. If the defendants had been tried for manufacturing liquor, they could not afterwards have been prosecuted for possessing the apparatus necessary for such manufacture or for possessing the liquor so manufactured."

See, also: Reynolds v. United States, 6 Cir., 280 F. 1; Morgan v. United States, supra; Murphy v. United States, supra; Stevens v. McClaughry, 8 Cir., 207 F. 18, 51 L.R.A.,N.S., 390.

■ But it is argued that the possession to be criminal must have been "with intent to use such plate * * * or suffer the same to be used, in forging or counterfeiting any such obligation or other security, or any part thereof." Mere possession is not made a crime by this statute. That possession would be innocent were it not possessed with intent to use the plate in counterfeiting.

■ We must therefore consider whether the conceded facts involved in the offense charged in Count 1 were sufficient to show that appellant's possession was with intent to use the plate for counterfeiting. Intent is a mental condition, invisible to human eyes, and is rarely susceptible of direct proof. The criminal does not ordinarily proclaim or announce in advance his intention to commit a crime. Intent, like any other fact, may be proved by circumstantial evidence (Majestic Securities Corp. v. Commissioner, 8 Cir., 120 F.2d 12; State v. Gardner, 77 Mont. 8, 249 P. 574, 52 A.L.R. 454; 20 Am.Jur. Sec. 340), and ordinarily must be implied from the proven facts and circumstances, including the actions of the person whose intent is in question. It is inferable whenever the means used are such as would ordinarily result in the commission of the forbidden act. This is too elementary to warrant the citation of authorities. Proof of the possession of this plate by one who had unlawfully produced it, in connection with the character of the plate, was, unexplained, not only prima facie proof of criminal intent, but convincing evidence of it. As has been observed, the act of making this plate was an unlawful act, and it came into possession of the appellant by reason of this unlawful act. Evidence of the unlawful making and the resulting possession was competent going to the question of intent. The possession resulted from the committing of the crime described in the first count. The plate on its face disclosed its purpose, and the facts were ample to sustain proof of the allegation that appellant's possession was for the purpose of counterfeiting. It is scarcely conceivable that any other or additional facts could have been adduced in support of that allegation.

■ Strictly speaking, the erroneous imposition of two penalties for a single offense does not constitute double jeopardy. The sentence is void as to the excess and in such circumstances the remedy is to apply to vacate the sentence and for re-sentence, or to correct the sentence by eliminating the excess. Holiday v. Johnston, 313 U.S. 342, 550, 61 S.Ct. 1015, 85 L.Ed. 1392; White v. Pescor, Warden, 8 Cir., 155 F.2d 902.

The conclusion which we have reached is in conflict with certain decisions of the Ninth Circuit, notably Matthews v. Swope, 111 F.2d 697, 698, and later decisions of that court which followed the doctrine of the earlier decision. In Matthews v. Swope, supra, appellant pleaded guilty to two counts of an indictment charging violation of Section 264, Title 18 U.S.C.A., the sentences to run consecutively. In referring to the contention of double jeopardy, the court said:

"Appellant further urges that he was subjected to 'double jeopardy' because the facts alleged in Counts One and Two of the California indictment constitute but a single offense; that the plates, negatives and prints which Count One charged that he made or caused to be made, are the same plates which Count Two charges that he possessed. Since the proof necessary to support the first count is different from and additional to that required to support the second count, we must hold against appellant, for the rule is 'where two offenses are charged having relation to the same matter of transaction there is no double jeopardy in making and trying the charges, if each offense requires proof of a fact which the other does not.' Remaley v. Swope, 9 Cir., 100 F.2d 31, 33."

■ This is all that was said by the court and it will be observed that the court assumed that the proof necessary to support the first count was different from and additional to that required to support the second count. In the instant case the first count is not assailed, but the contention here is that proof of the first count also established the offense charged in the second count. In the instant case, confessedly, proof that would only support the second

count would not necessarily be sufficient to support the first. It does not follow, however, that it will require any evidence in addition to that necessary to sustain the first count, to convict under the second count. It is our view that proof that appellant made the plate, or procured it to be made, likewise proved that he had possession of it. Apparently, the Swope case does not agree with this view. It, however, without discussing the question, simply assumes that evidence to sustain one of the counts would not be sufficient to sustain the other, and if correct in this conclusion it would, of course, follow that conviction on each count would not result in double jeopardy.

In Michener v. Johnston, 9 Cir., 141 F.2d 171, 174, in considering the question of double jeopardy, the court said:

"It is claimed that the first count of the indictment involved every element contained in the second, and that the petitioner after conviction on the first count would, if he were convicted on the second, be subject to double punishment for a single offense. This court held the contrary in Matthews v. Swope, 9 Cir., 111 F.2d 697. * * * It is argued that the decision in Matthews v. Swope was in error, in that proof of manufacture necessarily required also proof of possession. We need not stop to consider the point. In the present situation the petitioner was charged in the first count only with 'causing and procuring' the plate to be made. Proof of that count did not necessarily involve proof of possession, and indeed the record intimates that petitioner compelled an engraver, at the point of a pistol, to make the plate. In any event there is no showing that petitioner would now be entitled to his release even though the sentence on the second count be considered void."

The matter was before that court in a habeas corpus proceeding and the appellant had not served his full sentence on the first count, so that whatever is said on this question is dictum and in none of the decisions is the question of proof of intent considered.

We conclude that the sentence and judgment are excessive and can not stand without modification. The order appealed from is therefore reversed and the cause is remanded with directions to modify and correct the sentence and judgment by vacating that part thereof which adjudges appellant guilty under the second count of the indictment.