**UNITED STATES of America, Appellee,**

**v.**

**Albert Lee WILLIAMS, Appellant.**

**No. 74-1475.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 18, 1974.

Decided Oct. 29, 1974.

Thomas M. Bradshaw, Asst. Federal Public Defender, W.D.Mo., Kansas City, Mo., for appellant.

Bert C. Hurn, U. S. Atty., and J. Whitfield Moody, First Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, BRIGHT, and ROSS, Circuit Judges.

PER CURIAM.

A jury returned a verdict of guilty against the appellant, Albert Lee Williams, for possession of heroin with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1). The court sentenced him to ten years imprisonment with a special parole term of six years pursuant to 21 U.S.C. § 841(b)(1)(A).

Williams appeals from his conviction on two grounds. First, he contends that

the court erroneously instructed the jury on the standard of reasonable doubt. Second, he contends that the court's comments on the evidence prevented the jury from acting impartially. We find no merit in either contention and, accordingly, affirm.

■■ Williams urges us to reverse his conviction because the trial court defined reasonable doubt for the jury in terms of willingness to act. It is true that we held in United States v. Dunmore, 446 F.2d 1214 (8th Cir. 1971), cert. denied, 404 U.S. 1041, 92 S.Ct. 726, 30 L.Ed.2d 734 (1972), that reasonable doubt is best defined in terms of hesitation, rather than willingness, to act. *Id.* 446 F.2d at 1222. But the instant case differs significantly from *Dunmore.* Whereas in *Dunmore* the court's instruction was framed only in terms of "willingness to act," in this case the "willingness to act" definition is counterbalanced by an accompanying "hesitation to act" definition. The proper question, therefore, is whether the "willingness to act" definition so vitiated the "hesitation to act" definition as to constitute prejudicial error. Viewing the instruction as a whole,[1] as we must, we conclude that this combination of definitions falls far short of error that would require reversal. *See* Holland v. United States, 348 U.S. 121, 140, 75 S.Ct. 127, 99 L.Ed. 150 (1954); United States v. Fallen, 498 F.2d 172, 177 (8th Cir. 1974); Scurry v. United States, 120 U.S.App.D. C. 374, 347 F.2d 468, 469–470 (1965), cert. denied, 389 U.S. 883, 88 S.Ct. 139, 19 L.Ed.2d 179 (1967). Although we reject appellant's claim of error under the circumstances presented in this case, we think it appropriate to call once again to the attention of the trial courts in this circuit that "the definition of reasonable doubt should be phrased in terms of hesitation to act[.]" United States v. Dunmore, *supra,* 446 F.2d at 1222.

■ Williams further contends that the court's instructions to the jury contained improper comments on the evidence, exceeding constitutional bounds and thereby denying him a fair trial. We have carefully reviewed this contention by reference to the transcript of trial. We have found nothing that supports it; the record nowhere discloses that the court acted as an advocate for the prosecution. *Cf.* Quercia v. United States, 289 U.S. 466, 53 S.Ct. 698, 77 L. Ed. 1321 (1933). Even if we assume that certain of the court's remarks do constitute error, we would have to hold that they are harmless only. The Government's case was strong, the trial

1. Now, members of the jury, the law presumes every defendant to be innocent of crime and this defendant, although accused, begins the trial with a clean slate, with no evidence against him, and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after a careful and impartial consideration of all the evidence in the case. It is not required that the Government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A doubt based—a reasonable doubt is a doubt based upon reason and common sense. *The kind of doubt that would make a reasonable person hesitate to act.*

Proof beyond a reasonable doubt must, therefore, be *proof of such a convincing* *character that you would be willing to rely upon and act upon it unhesitatingly in the most important of your own affairs.* The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture. The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant. The law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Reasonable doubt exists, however, if after a careful and impartial consideration of all the evidence in the case jurors do not feel convinced to a moral certainty that the defendant is guilty of the charge. So if the jury views the evidence in the case as reasonably permitting either of two conclusions, one of innocence and the other of guilt, juries should, of course, adopt the conclusion of innocence. (Emphasis added).

brief, and the issues few and uncomplicated. Moreover, the court scrupulously cautioned the jury that it alone bore responsibility for deciding questions of fact. In this setting, we find no error requiring reversal. *See* United States v. Cole, 453 F.2d 902, 907–908 (8th Cir.), cert. denied, 406 U.S. 922, 92 S.Ct. 1788, 32 L.Ed.2d 122 (1972); United States v. DePugh, 434 F.2d 548, 555 (8th Cir. 1970), cert. denied, 401 U.S. 978, 91 S. Ct. 1208, 28 L.Ed.2d 328 (1971); Ray v. United States, 367 F.2d 258, 262–263 (8th Cir. 1966), cert. denied, 386 U.S. 913, 87 S.Ct. 863, 17 L.Ed.2d 785 (1967); Franano v. United States, 310 F.2d 533, 538–539 (8th Cir. 1962), cert. denied, 373 U.S. 940, 83 S.Ct. 1545, 10 L.Ed.2d 694 (1963). The circumstances here differ markedly from those in United States v. Brandom, 479 F.2d 830 (8th Cir. 1973); United States v. Dunmore, *supra,* 446 F.2d at 1216–1219; and Boatright v. United States, 105 F.2d 737 (8th Cir. 1939), where we determined that the court's comments interfered with the exercise of the jury's prerogative as factfinder.

Affirmed.