UNITED STATES of America,
Appellee,

v.

Stanley Maxim DeCOTEAU, Appellant.

No. 74–1825.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 11, 1975.

Decided May 14, 1975.

Bruce E. Bohlman, Legal Clinic, Grand Forks, N. D., for appellant.

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for appellee.

Before BRIGHT and STEPHENSON, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Stanley Maxim DeCoteau, an Indian, appeals from his jury conviction for involuntary manslaughter [1] resulting from

---

* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. The relevant statutory provision is 18 U.S.C. § 1112, which reads in pertinent part:

    (a) Manslaughter is the unlawful killing of a human being without malice. It is of two kinds:

       *     *     *     *     *     *

    Involuntary—In the commission of an unlawful act not amounting to a felony, or in the commission in an unlawful manner, or without due caution and circumspection, of a lawful act which might produce death.

an automobile accident on the Turtle Mountain Indian Reservation in North Dakota. In urging reversal he argues two main points. First, he contends that to establish involuntary manslaughter, the Government must prove the unlawful act was the proximate cause of death. Assuming the validity of this argument, he claims the jury instructions were inadequate on this point. Second, he maintains that the principles of collateral estoppel and double jeopardy should have barred this prosecution. We reject these contentions and affirm the conviction.

At about 4:00 p. m. on June 2, 1974, DeCoteau was driving his car on Highway 5 and 281 at a speed of about 55–60 miles per hour behind two other cars. The first of these three cars slowed in order to negotiate a left turn. Although testimony conflicted on this point, there was substantial evidence that the driver of the first car turned on his left signal switch at least 50 yards before negotiating the turn and that the driver of the second car, who was following at a distance of at least 30–40 yards, applied his brakes, thus activating his brake lights. As the second car slowed, DeCoteau did not perceive the reduction in speed and approached within a few feet of the rear of the second vehicle, pulled into the left lane, and struck the first vehicle as it was turning left. One of the parties in DeCoteau's car, Dennis Swain, died in the accident.

The evidence disclosed that during the course of the day of the accident DeCoteau consumed about 72 ounces of beer and 24 ounces of wine. Most of these intoxicants were consumed in the afternoon after a light lunch. DeCoteau's car carried seven persons, all of whom were drinking intoxicating beverages and passing them around. As DeCoteau was driving, he was holding a quart beer bottle and drinking from it. The results of a breathalyzer test and a blood test administered about two and one-half hours after the collision showed a level of alcohol in the defendant's blood of .15 percent.

On the day following the collision the defendant appeared before the Turtle Mountain Tribal Court in Belcourt, North Dakota, and pleaded guilty to a charge of driving while under the influence of alcoholic beverages. Two weeks later, on June 18, 1974, the defendant was indicted for involuntary manslaughter in federal district court. Defendant's motion to dismiss was denied by the district court on August 30, 1974, and the defendant's trial and conviction followed.

The defendant argues that under 18 U.S.C. § 1112 the Government must establish that the unlawful act—in this case driving while intoxicated—was the proximate cause of the accident and that the court's instructions were inadequate to convey this concept to the jury.

The defendant concedes that 18 U.S.C. § 1112 does not clearly indicate a proximate cause requirement and that no federal case specifically states that proximate cause is an essential element. While both parties invite this court to rule on this point, we deem it unnecessary since we believe the district court did instruct the jury in terms of proximate cause. The court instructed the jury, in part, as follows:

> Before you may convict Mr. DeCoteau of involuntary manslaughter you must find that defendant did commit the crime of the operation of a motor vehicle while under the influence of intoxicating liquor and that the death of Dennis Joseph Swain *resulted* from the commission of this crime. [Emphasis added].

DeCoteau, however, claims this instruction is inadequate for two reasons. First, he argues that a subsequent jury instruction delineating the elements required in order to establish the offense of involuntary manslaughter failed to mention proximate cause and, second, that the court should have used the term "proximate cause" instead of "resulted from" in explaining this concept to the jury. These contentions are without merit. It is settled law that instructions must be considered in their entirety.

United States v. Williams, 505 F.2d 947, 948 (8th Cir. 1974); United States v. Nance, 502 F.2d 615, 619–20 (8th Cir. 1974); United States v. Mitchell, 463 F.2d 187, 191 (8th Cir. 1972), cert. denied, 410 U.S. 969, 93 S.Ct. 1449, 35 L.Ed.2d 705 (1973). When viewed as a whole, it is clear that the court's instructions adequately conveyed the concept of proximate cause to the jury. The fact that DeCoteau would have preferred different phraseology is not relevant, for a court is not required to use the precise language suggested by the parties. United States v. Nance, *supra*, 502 F.2d at 619.

 The appellant further claims that the Government is collaterally estopped from pressing the instant prosecution because his prior conviction in Tribal Court for driving while under the influence of alcoholic beverages arose out of the same automobile collision. The rule of collateral estoppel is "that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). In a case similar to the one now before us, we noted two factors that must be present for collateral estoppel to bar a federal criminal prosecution where there has been a prior judgment of acquittal in an Indian Tribal Court arising out of the same incident:

> In order to prevail in the present case, appellant must persuade the court that (1) the tribal courts and federal district courts are arms of the same sovereign *and* (2) the question of intoxication, which clearly was resolved in the first trial, is an essential element of involuntary manslaughter. [United States v. Kills Plenty, 466 F.2d 240, 243 (8th Cir. 1972), cert. denied, 410 U.S. 916, 93 S.Ct. 971, 35 L.Ed.2d 278 (1973).]

In *Kills Plenty*, the defendant was acquitted of intoxication in his initial proceeding in Tribal Court. Here, however, even if appellant prevailed on these contentions there could be no estoppel against the prosecution since DeCoteau pleaded guilty in Tribal Court to intoxication. We observed in Moton v. Swenson, 488 F.2d 1060, 1062 (8th Cir. 1973), cert. denied, 417 U.S. 957, 94 S.Ct. 3086, 41 L.Ed.2d 675 (1974), that "prior acquittal [is] the linchpin of the *Ashe* decision, leading directly to and serving as the foundation for the 'collateral estoppel' doctrine * * *."

 Moreover, no double jeopardy arises from this second prosecution of DeCoteau for his part in the automobile accident. The prosecution for involuntary manslaughter required different proof than that required to establish DeCoteau's guilt in Tribal Court of driving while under the influence of alcoholic beverages. Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); Moton v. Swenson, *supra*, 488 F.2d at 1061–62; United States v. DeMarrias, 441 F.2d 1304, 1306–07 (8th Cir. 1971); *see* Gore v. United States, 357 U.S. 386, 390–93, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958).

Affirmed.