Donald KOWALSKI, Appellant,

v.

Robert F. PARRATT, Warden, Nebraska Penal and Correctional Complex, Appellee.

No. 75–1832.

United States Court of Appeals, Eighth Circuit.

Submitted March 10, 1976.

Decided April 15, 1976.

---

John S. Berry, Lincoln, Neb., for appellant.

Paul W. Snyder, Asst. Atty. Gen., Lincoln, Neb., for appellee; Paul L. Douglas, Atty. Gen., Lincoln, Neb., on brief.

Before BRIGHT and HENLEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

BRIGHT, Circuit Judge.

Donald Kowalski, a Nebraska state prisoner, appeals the dismissal of his habeas corpus petition by District Judge Warren K. Urbom. Petitioner seeks to overturn his two-count conviction of robbing one Eugene Jones of $428 and one pint of Old Forester whiskey,[1] (count I) and using a firearm in the commission of the robbery (count II). The Nebraska court sentenced Kowalski to a six-year prison term for the robbery and to a three-year consecutive term for the use of a firearm. Kowalski claims here, as he

---

\* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Since the conviction rested upon a guilty plea, the record contained no details concerning the crimes. The appellant at the court's request and without objection from appellee

has in Nebraska postconviction proceedings,[2] that the Double Jeopardy Clause, applicable to the states through the fourteenth amendment, precludes convicting and sentencing him for two felonies arising from a single act.

Nebraska's criminal code defines robbery (Neb.Rev.Stat. § 28–414 (Supp.1974) ) as the forcible taking of property from another by violence or by putting in fear with intent to rob or steal, and calls for a penalty of imprisonment of three to fifty years. The statute applicable to count II (Neb.Rev. Stat. § 28–1011.21 (Supp.1974) ) provides that use or possession of a firearm, knife, brass or iron knuckles, or any other dangerous weapon during any felony constitutes a separate felony calling for a sentence of from three to ten years, consecutive to any other sentence.

In denying the petition, the district court correctly applied the test of *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

Each of the offenses created requires proof of a different element. The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. *Gavieres v. United States,* 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489, and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in *Morey v. Commonwealth,* 108 Mass. 433: "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant

---

has advised us of the specific charges contained in the information to which Kowalski pleaded guilty.

2. The Nebraska Supreme Court denied Kowalski relief. *Nebraska v. Kowalski,* 193 Neb. 283, 226 N.W.2d 765 (1975).

from prosecution and punishment under the other." Compare *Albrecht v. United States,* 273 U.S. 1, 11–12, 47 S.Ct. 250, 71 L.Ed. 505 and cases there cited. Applying the test, we must conclude that here, although both sections were violated by the one sale, two offenses were committed. [*Id.* at 304, 52 S.Ct. at 182, 76 L.Ed. at 309.]

The district court rejected petitioner's claim under the *Blockburger* test:

> It appears that each of the statutes requires proof of a fact which the other does not. The crime of robbery involves a forcible taking either "by violence" or "by putting in fear," and such force need not be in the form of a firearm, knife, or any other dangerous weapon. The crime of use or possession of a firearm in perpetration of a felony requires use *or possession* of a dangerous weapon, but does not require proof of force; indeed, no one need even see the firearm or dangerous weapon. Thus, it does not appear that either of the crimes here is either a lesser included offense or the same offense as the other.
>
> Under such circumstances, the fact that in a particular situation force was used by means of a dangerous weapon does not constitute double jeopardy. * * * [Emphasis in original.]

■ Although the appellant assumes that count II required proof of the robbery alleged in count I, that is not the case. The weapons statute is satisfied by proof that a weapon was possessed or used during any felony. Count II simply alleged that the

firearm was used "in the commission of the crime set forth in Count I." [3]

Thus the district court is clearly correct that in the abstract these statutes define two distinct crimes. However, petitioner asserts that double jeopardy claims should be assessed in light of the particular facts of each case. Here it is undisputed that petitioner used a firearm to create the fear necessary to carry out the robbery. Thus, petitioner argues, to prove the elements of this particular robbery the state also was "required" to prove all of the elements of the count II offense.

This is not a novel reading of *Blockburger.* In the case of *Michener v. United States,* 157 F.2d 616 (8th Cir. 1946), this court adopted just that view. There the defendant had been convicted and sentenced to consecutive terms on the following two counts:

> 1. That he "unlawfully did cause and procure to be made a certain [counterfeiting] plate";
>
> and
>
> 2. That he "unlawfully did have [in his] control, custody and possession that certain plate." [*Id.* at 617.]

Both of these counts were alleged to be violations of a single section of Title 18, U.S.C. (§ 264). That section was not divided into subsections, but did forbid manufacture *or* possession, *or* several other such acts. The court said:

> There can be no doubt but that separate offenses might be charged and proved under this statute, but that does not solve the question here presented. We must interest ourselves not with what might

---

**3.** The Supreme Court has taken a pragmatic approach to double jeopardy claims. *See Gore v. United States,* 357 U.S. 386, 392–93, 78 S.Ct. 1280, 1284, 2 L.Ed.2d 1405, 1410 (1958). The "gist" of the robbery charge is the taking of property by violence or fear. The "gist" of the weapon offense is the use or possession of certain dangerous weapons in situations where it is particularly likely that the weapons may be used to injure victims, law enforcement officers, or bystanders. *Cf. Gavieres v. United States,* 220 U.S. 338, 342, 31 S.Ct. 421, 422, 55 L.Ed. 489, 490 (1911). So long as the state does not engage in oppressive successive pros-

ecutions, *cf. Ashe v. Swenson,* 397 U.S. 436, 446, 90 S.Ct. 1189, 1195, 25 L.Ed.2d 469, 476 (1970), there is no good reason for precluding the state from viewing the use or possession of firearms or other dangerous weapons during any felony as an additional offense calling for additional punishment.

Petitioner does not assert that the completed offense of robbery alleged in count I necessarily is wholly subsumed within the weapons offense alleged in count II. *See Albrecht v. United States,* 273 U.S. 1, 11, 47 S.Ct. 250, 253, 71 L.Ed. 505, 510 (1921); *cf. Nebraska v. McClarity,* 180 Neb. 246, 142 N.W.2d 152, 154 (1966).

have been done, but what was actually done in this case. [*Id.* at 618.]

The court therefore proceeded to examine the facts of the case and concluded that under the circumstances proof of count I also established count II. On this basis, the court found that the sentences violated the Double Jeopardy Clause.

The Supreme Court, however, granted *certiorari* and reversed. 331 U.S. 789–90, 67 S.Ct. 1509, 91 L.Ed. 1818, 1819 (1946). The one paragraph *per curiam* opinion gave no reasoning, but simply cited *Blockburger* and *Albrecht* as controlling precedents.

This issue also arose in *Gore v. United States,* 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958). There the defendant had been given three consecutive sentences on multiple convictions, all of which arose from the same narcotics sale. As Justice Brennan's dissent correctly observed, the statutes so overlapped that

> proof of the single fact of possession of unstamped narcotics suffices to convict the defendant of offenses under either [of two sections]. [*Id.* at 398, 78 S.Ct. at 1287, 2 L.Ed.2d at 1413.]

Despite this, the majority held that the statutes defined distinct offenses and that defendant's conviction was therefore wholly consistent with *Blockburger* and the Double Jeopardy Clause.

 Based on these and other cases, the federal courts now recognize that

> in order to support a claim of double jeopardy, it must be shown that the offenses charged were in law *and* in fact the same offense. [*United States v.*

*McCall,* 489 F.2d 359, 362 (2d Cir. 1973)] (emphasis added).[4]

*United States v. Pacelli,* 470 F.2d 67, 72 (2d Cir. 1972), *cert. denied,* 410 U.S. 983, 93 S.Ct. 1501, 36 L.Ed.2d 178 (1973); *Dryden v. United States,* 403 F.2d 1008 (5th Cir. 1968). Our own court has rejected a challenge to multiple convictions arising from the same transaction on the following ground:

> Separate congressional policies are reflected in each of the two statutes * *, and proof of separate elements are necessary. [*United States v. Roundtree,* 527 F.2d 16, 20 (8th Cir. 1975).]

We have already observed that the two statutes at issue here have different elements as a matter of law, although a common element as a matter of fact. Different policies come into play when a criminal uses or possesses certain deadly weapons during a crime than when he relies upon mere threats, his bare hands, or upon other less dangerous devices. Since the two crimes at issue do not in law constitute the same offense, double jeopardy is inapplicable.[5]

Finding no constitutional infirmity in the Nebraska conviction, we affirm.

---

4. The importance of the issue of identity in fact is illustrated by *United States v. Schaefer,* 510 F.2d 1307, 1313 (8th Cir.), *cert. denied,* 421 U.S. 975, 978, 95 S.Ct. 1975, 1980, 44 L.Ed.2d 466, 470 (1975). There defendants were charged both with conspiracy to conduct an illegal gambling operation and with the substantive count of conducting such an operation. The substantive count required, as an essential element, agreement between five or more people, and thus required proof of all of the legal elements required by the conspiracy count. The record showed that the agreement alleged to support the substantive count was, in fact, the same agreement alleged to constitute the conspiracy.

Since there was identity in law *and* fact, the court found that double jeopardy barred the conspiracy conviction.

5. It should be understood that our opinion is limited solely to the effect of the Double Jeopardy Clause. Our laws have become so complex that it is more and more likely that a single illegal act will violate several statutes. In such a case the courts must determine whether the legislature intended to permit pyramiding of charges and sentences. Clearly, the statute authorized the enhancement of sentences in this case.