**Freddy CHAMBERS, Petitioner,**

v.

**Donald W. WYRICK, Warden, Missouri State Penitentiary, Respondent.**

**No. 76–1654.**

United States Court of Appeals, Eighth Circuit.

Aug. 10, 1976.

\Freddy Chambers, pro se.

John C. Danforth, Atty. Gen., Jefferson City, Mo., for respondent.

Before GIBSON, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Petitioner, Freddy Chambers, instituted this present habeas corpus action pursuant to 28 U.S.C. § 2254 (1970), contending that his Missouri state convictions for second degree murder and stealing a motor vehicle violate the Fifth Amendment constitutional proscription against double jeopardy. The District Court denied Chambers' request for a writ of habeas corpus and refused to issue a certificate of probable cause to appeal the decision. The case is presently before this court pursuant to Chambers' request that we grant him a certificate of probable cause for appeal. Fed.R.App.P. 22(b).

We think the District Court properly denied a certificate of probable cause and we grant the certificate of probable cause only to dismiss the appeal on the basis that Chambers' contention is without merit.

The incidents which gave rise to Chambers' present incarceration occurred on September 5, 1973, when, after an evening of drinking, Chambers and Ray Collins decided to steal a truck. They proceeded to Burtrum Brothers Motor Company near Joplin, Missouri, and chained a half ton Chevrolet pickup behind Chambers' Ford Torino. With Chambers driving the Torino and Collins steering the stolen pickup, the parties proceeded down the road. Neither vehicle was lighted. Before traveling too far, the pickup crossed the center line on the road and collided head on with a Valiant automobile. All four occupants of the Valiant were killed in the collision.

Chambers was charged and convicted in Missouri state court on one count of steal-

ing a motor vehicle in violation of Mo.Stat. Ann. § 560.156 and four counts of second degree felony murder in contravention of Mo.Stat.Ann. § 559.020. Chambers was sentenced to 10 years on the theft count and 25 years on each of the murder counts. Chambers' conviction was affirmed on appeal. *State v. Chambers*, 524 S.W.2d 826 (Mo.1975), *cert. denied*, 423 U.S. 1058, 96 S.Ct. 794, 46 L.Ed.2d 649, 44 U.S.L.W. 3398 (1976).

Chambers thereafter filed this § 2254 action alleging that the theft was an essential element in a second degree felony murder conviction and that his simultaneous convictions on the theft count and the murder counts constituted double jeopardy. The District Court rejected this claim and denied the writ.

The Supreme Court has set forth the governing standard for double jeopardy claims:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). A review of the Missouri definitions of theft of a motor vehicle and second degree felony murder clearly shows a dissimilarity in the elements of proof on each offense.

The elements of theft pursuant to § 560.-156 are "an intentional taking of property of another without his consent and with intent to deprive the owner of the use thereof * * *." *State v. Chambers*, 524 S.W.2d 826, 829 (Mo.1975). The gist of the offense is the taking of some chattel accompanied by the requisite mental state. The Missouri Supreme Court has defined the elements of second degree murder as "the premeditated, wilful, intentional taking of human life with malice aforethought * * *." *State v. Jewell*, 473 S.W.2d 734, 738 (Mo.1971). The Missouri Supreme Court has also ruled that proof of the un-

derlying felony is not an essential element in a second degree felony murder charge. Proof of the underlying felony merely provides an alternate way to prove the requisite state of mind for second degree murder. *State v. Chambers, supra* at 829.

In light of the above interpretation of state law, which is binding on federal courts, *Adderley v. Florida*, 385 U.S. 39, 46, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966), Chambers' double jeopardy claim evaporates. There is no identity in the elements of proof. The theft count requires proof that something of value was stolen; the felony murder count, which does not require the underlying felony of theft as an element of proof, requires proof that a person was killed with the requisite state of mind. To prevail, Chambers is required to prove that the offenses were in law and in fact the identical offense. *Kowalski v. Parratt*, 533 F.2d 1071 (8th Cir. 1976). However, the offenses in the present case "have different elements as a matter of law, although a common element as a matter of fact." *Kowalski v. Parratt, supra* at 1074. Therefore, Chambers' double jeopardy claim is without merit. *United States v. DeCoteau*, 516 F.2d 16, 18 (8th Cir. 1975).

The District Court's denial of the writ of habeas corpus is affirmed.

Affirmed.