UNITED STATES of America, Appellee,

v.

Howard TAYLOR, Appellant.

No. 77–1296.

United States Court of Appeals, Eighth Circuit.

Submitted Aug. 29, 1977.

Decided Sept. 23, 1977.

---

Richard J. Bruckner, Omaha, Neb., for appellant.

Michael L. Schleich, Asst. U. S. Atty., Omaha, Neb., for appellee; Daniel E. Wherry, U. S. Atty., Omaha, Neb., on the brief.

Before BRIGHT, ROSS and HENLEY, Circuit Judges.

ROSS, Circuit Judge.

Howard Taylor appeals from a conviction on two counts of a four-court indictment.[1] We affirm.

---

1. Howard Taylor was originally indicted on two counts—one for violation of 18 U.S.C. § 2031, committing rape within the special maritime and territorial jurisdiction of the United States;

The indictment arose out of two incidents which allegedly occurred on June 28, 1975, at the Veteran's Administration Hospital in Omaha, Nebraska. Taylor was a supervisor in the dietetics kitchen. He had a passing acquaintance with another employee, Nancy Guziec, who was mentally retarded. Guziec claimed that at approximately 11 a. m., as she was going to lunch, Taylor took her to the twelfth floor, pulled down her pants and attempted to have sexual intercourse with her. According to Guziec a similar incident occurred at 3 p. m., as she was leaving for the day.

Taylor was charged with four counts: I—violation of 18 U.S.C. § 2031, committing rape within the special maritime and territorial jurisdiction of the United States, at 11 a. m. on June 28, 1975; II—violation of Neb.Rev.Stat. § 28–901 and 18 U.S.C. § 13, being a male over age 17 and having carnal knowledge of any female other than his wife, such female being insane or a mentally retarded person, he knowing her to be such, on lands reserved or acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof, at 11 a. m. on June 28, 1975; III—violation of 18 U.S.C. § 2031 at 3 p. m. on June 28, 1975; and IV—violation of Neb.Rev.Stat. § 28–901 and 18 U.S.C. § 13 at 3 p. m. on June 28, 1975. A defense motion for an order requiring the government to elect counts was denied and the case was tried to the court. Taylor was found guilty on Counts II and IV and sentenced to two consecutive five year terms.

On appeal Taylor contends that charging and trying him on two inherently contradictory counts of rape arising from a single nonconsensual act of intercourse violated his fifth amendment right against double jeopardy and denied him a fair trial. He also challenges the admission of some expert opinion testimony and the sufficiency of the evidence. Finally, he contends that the sentence he received constituted cruel and unusual punishment.

## ALLEGEDLY INCONSISTENT COUNTS

█ Taylor's double jeopardy argument has no merit. The indictment properly charges him with four distinct crimes arising out of two incidents. Counts I and III required proof of different elements than Counts II and IV. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Chambers v. Wyrick,* 539 F.2d 667, 668 (8th Cir. 1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1140, 51 L.Ed.2d 560 (1977); *United States v. Belt,* 516 F.2d 873 (8th Cir. 1975), *cert. denied,* 423 U.S. 1056, 96 S.Ct. 790, 46 L.Ed.2d 646 (1976).

█ Even if Taylor was prejudiced in that it was difficult to defend the seemingly inconsistent counts as he claims,[2] since he was acquitted on both counts based on 18 U.S.C. § 2031, there is no reversible error.

## EXPERT TESTIMONY

Taylor claims it was error to allow the testimony of a psychologist who had examined Guziec 21 months prior to the alleged sexual assaults, and of a gynecologist who examined her 5 days after the incidents. He contends that the opinions were irrele-

and one for violation of Neb.Rev.Stat. § 28–901 and 18 U.S.C. § 13, being a male over age 17 and having carnal knowledge of any female other than his wife, such female being insane or a mentally retarded person, he knowing her to be such, on lands reserved or acquired for the use of the United States and under the exclusive or concurrent jurisdiction thereof. Both counts were based on an incident that allegedly occurred at 3 p. m. on June 28, 1975. A defense motion for an order requiring the government to proceed on one count or the other was denied. The case was tried to a jury which found Taylor guilty on both counts. Because of Nancy Guziec's testimony about an incident occurring at 11 a. m. on the same day,

Taylor was granted a new trial. A superseding indictment charging four counts was returned.

2. Defendant contends that to charge him with *both* forcible rape in violation of 18 U.S.C. § 2031, a crime that presumes the victim is capable of consent and that force is necessary to overcome nonconsent, *and* carnal knowledge of a mentally retarded person in violation of Neb.Rev.Stat. § 28–901, where consent is not involved because the victim is incapable of consent or dissent, involved an inherent inconsistency against which he could not defend. However, he has denied knowledge of either incident and has shown no actual prejudice.

vant because they were based on examinations that were too remote.

■ Evidence is relevant if he has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed.R.Evid. 401. Furthermore, the trial court has broad discretion in determining relevancy of proposed evidence. *United States v. Johnson,* 516 F.2d 209, 214 (8th Cir.), *cert. denied,* 423 U.S. 859, 96 S.Ct. 112, 46 L.Ed.2d 85 (1975); *United States v. Mitchell,* 463 F.2d 187, 191 (8th Cir. 1972), *cert. denied,* 410 U.S. 969, 93 S.Ct. 1449, 35 L.Ed.2d 705 (1973). Here the psychologist, Dr. Thomas Searson, testified that, on the basis of a 21-month old examination, he believed Nancy Guziec was moderately retarded.[3] He also gave his opinion that the probability of her cognitive functioning level improving was remote. This combination certainly was relevant on the issue of Guziec's mental capacity. The elapse of 21 months between the examination and the incidents in question goes to the weight of the evidence and, since the fact finder was the trial judge, we do not believe it was an abuse of discretion to admit the testimony. *Cf. Barbuscia v. Reading Co.,* 295 F.2d 236 (3d Cir. 1961).

■ We reach the same conclusion as to the gynecologist's testimony. Considering the circumstances and the fact that this was a court-tried case, the admission of his testimony was not an abuse of discretion.

## SUFFICIENCY OF THE EVIDENCE

Taylor challenges the sufficiency of the evidence to support a finding of guilt on Counts II and IV. The required elements of proof under Neb.Rev.Stat. § 28–901 are: (1) that the offense was committed by a male, (2) who was at least 17 years old, (3) that he had carnal knowledge, (4) of a female other than his wife, (5) she being insane or a mentally retarded person, and (6) he knowing her to be such. Since the offense is charged under the Assimilated Crimes Act, 18 U.S.C. § 13, to obtain jurisdiction the government also had to prove the incidents occurred on lands reserved or acquired for the use of the United States.

■ Although Taylor denies that the incidents occurred at all, his major contentions on the sufficiency of the evidence go to the degree of Guziec's retardation and his knowledge of her mental incapacity. The district court found that the purpose of the Nebraska statute is "to protect females who are incapable of assuming the responsibility for their actions because of the severity of their mental impairment, from the consequences of sexual relations out of wedlock." He found that at the time of the offense Nancy Guziec was mentally retarded to the degree contemplated by the statute. From a reading of the record we find this determination not to be clearly erroneous. Testimony of Guziec's father, Sister Mary Evangeline and Dr. Searson strongly supports the district court's findings that Nancy Guziec "had a degree of moderate mental retardation with an I.Q. overall of about 51, functioning in the academic area between the fourth and second grade level." Furthermore, Nancy Guziec testified. The district court heard and observed her and could draw conclusions from his observations.

■ As to Taylor's knowledge of Guziec's mental incapacity, the district court found that Taylor knew her name prior to June 28, 1975; he saw her almost daily and greeted her; another hospital employee had told him she thought Nancy was retarded, and that once it had been called to his attention that she may be mentally incapacitated it would not be difficult to conclude she was in fact retarded. In addition he found that Taylor's actions in carrying out the acts of sexual intercourse were consistent with a finding that he knew she was

---

3. Moderate retardation, according to Dr. Thomas Searson's testimony, is the middle classification on a scale that includes profound, severe, moderate, mild and borderline.

retarded.[4] These findings are not clearly erroneous.

There is sufficient evidence in the record to substantiate the district court's findings regarding the remaining elements of the crime.

## CRUEL AND UNUSUAL PUNISHMENT

Finally Taylor claims that his sentence, five years on each count to be served consecutively, is cruel and unusual. He admits that the sentence is within the statutory scheme and acknowledges that appellate courts rarely find a punishment to be cruel and unusual based on the length of sentence alone. *See, e. g., United States v. Smallwood,* 536 F.2d 1257, 1259 (8th Cir. 1976); *United States v. Levin,* 443 F.2d 1101, 1108 (8th Cir.), *cert. denied,* 404 U.S. 944, 92 S.Ct. 297, 30 L.Ed.2d 260 (1971); *McWilliams v. United States,* 394 F.2d 41, 48 (8th Cir. 1968), *cert. denied,* 393 U.S. 1044, 89 S.Ct. 643, 21 L.Ed.2d 593 (1969). We decline to do so here.

Taylor has been found guilty of shocking behavior constituting a crime against public morality. However, after reviewing his presentence report, we note that he did have an excellent record prior to these incidents. While the sentence imposed is harsh, we note that Taylor still has the remedy provided by Rule 35 of the Federal Rules of Criminal Procedure available to him. If such a motion is filed it will be up to the trial court to determine whether the sentence should or should not be reduced. *Cf. Wilson v. United States,* 118 U.S. App.D.C 319, 335 F.2d 982 (1963).

---

4. The district court found that the defendant manipulated Nancy Guziec into a position of being in an elevator, on a floor different from the one she wanted to be on; he never asked her or spoke to her about any personal relations including sexual intercourse, or any preliminary act to sexual intercourse; once he got her in a small, confined area he acted quickly without discussion, without opportunity for thought on her part; and his saying to her in the elevator "Let's take the easy way," made no sense other than in dealing with a mentally deficient person, telling her what to do rather than asking her to do it.